Hillsborough
No. 86-508

EILEEN HALEY

v.

ALLSTATE INSURANCE COMPANY

July 22, 1987

*William J. Groff* and *Valerie Raudonis,* of Nashua (*Mr. Groff* on the brief, and *Ms. Raudonis* orally), for the plaintiff.

*Wiggin & Nourie,* of Manchester (*Gregory A. Holmes* on the brief and orally), for the defendant.

PER CURIAM. The issue on appeal is whether the Superior Court (*Goode,* J.) properly denied relief in the declaratory judgment action filed by the plaintiff, Eileen Haley, against Allstate Insurance Company. We affirm.

Allstate Insurance Company (Allstate) issued a standard homeowners insurance policy to the plaintiff, Eileen Haley, and her husband in 1977. In 1979, in addition to caring for her own two children, Ms. Haley began taking care of other children in her home to earn "extra money." She was licensed to provide day care by the State, and by December 1982, she was providing day care five days per week for five children full-time and one part-time.

On December 22, 1982, she brought the day care children with her when she drove her son to kindergarten. After she returned home, one of the children in her care, Nicholas Antal, was bitten by a stray dog as she was bringing the children into the house.

The next day, Ms. Haley reported the incident to Allstate's claim office. Allstate denied coverage of the incident under the "business pursuits" exclusion of the Haleys' homeowners policy. That provision stated:

> "*We* do not cover *bodily injury* or *property damage* arising out of the *business* pursuits of an *insured person.*
>
> *We* do cover:
> (a) Activities normally considered non-*business,*
> (b) the occasional and part-time *business* activities of an *insured person* who is a student under 21 years of age."

(Emphasis in original.) Ms. Haley filed a petition for declaratory judgment requesting, *inter alia,* a declaration that the insurance policy did provide coverage for any liability she may have for Nicholas Antal's injuries. The superior court denied the requested relief, and the plaintiff appealed.

On appeal, Ms. Haley argues that the "business pursuits" exclusion should not be applied to deny coverage in this case because the exception to that exclusion for "activities normally considered non-business" can reasonably be construed to allow coverage. Allstate argues that the provision of day care for profit is a "business pursuit," not an activity "normally considered non-business," so coverage should be denied.

We construe the language of an insurance policy as would a reasonable person in the position of the insured based on a more than casual reading of the policy as a whole. *See City of Manchester v. General Reinsurance Corp.*, 127 N.H. 806, 809, 508 A.2d 1063, 1065 (1986). Ambiguous policy provisions will be construed in favor of the insured and against the insurer. *Cacavas v. Maine Bonding & Casualty Co.*, 128 N.H. 204, 207, 512 A.2d 423, 425 (1986). We will not, however, create an ambiguity simply to resolve it against the insurer. Policy terms are ambiguous "as to coverage only when the parties may reasonably differ about their interpretation." *City of Manchester supra.*

Business, in common usage, "signifies an undertaking or calling for gain, profit, advantage or livelihood." *Stanley v. American Fire & Cas. Co.*, 361 So. 2d 1030, 1033 (Ala. 1978). A pursuit is an activity that one "engages in seriously and continually or frequently . . . ." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1848 (Unabridged 1961). Thus, the definition of "business pursuit" contains two significant elements: profit motive and continuity. *Camden Fire Ins. Ass'n v. Johnson*, 294 S.E.2d 116, 118–19 (W. Va. 1982) (following *Home Insurance Co. v. Aurigemma*, 45 Misc. 2d 875, 879, 257 N.Y.S.2d 980, 985 (1965)); *see also* Annot., 48 A.L.R. 3d 1096, 1099 (1973). Therefore, although occasional babysitting or a neighborly accommodation for child care would not be considered a business pursuit, *Camden Fire Ins. Ass'n v. Johnson, supra* at 120–21, day care provided on a regular basis for profit is ordinarily so considered, *Stanley v. American Fire & Cas. Co. supra.* Ms. Haley was licensed to provide day care by the State, and at the time Nicholas Antal was bitten, she was providing day care for profit more than eight hours per day, five days per week. Ms. Haley was clearly engaged in a business pursuit. A reasonable person could not conclude otherwise.

The question remains whether the exception to the business pursuits exclusion for activities normally considered non-business can reasonably be construed to apply in this case. The appropriate inquiry here is whether the activity which caused the injury is

normally considered a non-business activity, not whether the insured was engaged in a business pursuit. *See State Farm Fire & Casualty Co. v. Moore*, 103 Ill. App. 3d 250, 254, 430 N.E.2d 641, 645 (1981) (following *New Jersey Property Liability Guaranty Association v. Brown*, 174 N.J. Super. 629, 417 A.2d 117 (1980)). For example, if a salesman were entertaining a potential customer on a golf course he would be engaged in a business pursuit; *i.e.*, promoting sales. Nevertheless, "if, in the course of the game, he injured his customer while swinging his golf club, the injury would come within the exception . . ." as an activity normally considered non-business. *State Farm Fire & Cas. Co. v. McDonald*, 87 Ill. App. 2d 15, 19, 230 N.E.2d 513, 515 (1967).

■■ The plaintiff argues that the provision in question is ambiguous and that her day care activities can reasonably be construed as activities normally considered non-business. We disagree. Although the policy might have been better worded, we do not find it ambiguous as applied to this case. A reasonable person would normally consider the provision of day care on a regular basis for profit to be a business pursuit rather than a non-business activity. *See, e.g., State Farm Fire & Casualty Co. v. Moore supra; Stanley v. American Fire & Cas. Co. supra. Contra Crane v. State Farm Fire & Cas. Co.*, 5 Cal. 3d 112, 485 P.2d 1129, 95 Cal. Rptr. 513 (1971).

*Affirmed.*