Strafford
No. 91-056

CONCORD GENERAL MUTUAL INSURANCE COMPANY

v.

JOHN MCCARTY & a.

March 13, 1992

*Wiggin & Nourie*, of Manchester (*Doreen F. Connor* on the brief and orally), for the plaintiff.

*McLane, Graf, Raulerson & Middleton P.A.*, of Portsmouth (*J. Kirk Trombley* on the brief and orally), for the defendant John McCarty.

*Cullity, Kelley and McDowell*, of Manchester, for the defendant M. Bryan Lanehart, joined in the brief of defendant John McCarty.

JOHNSON, J. The defendant, John McCarty, appeals from the Superior Court's (*Nadeau*, J.) order granting summary judgment to Concord General Mutual Insurance Company (Concord General) on its petition for declaratory judgment. The trial court denied McCarty liability coverage for an accident in which Bryan Lanehart was injured. McCarty claims that he is entitled to coverage for a claim made by Lanehart under McCarty's homeowner's and automobile policies, issued by Concord General, because relevant portions of both policies are ambiguous. For the reasons that follow, we affirm.

On September 3, 1987, while in the course of his employment, McCarty was operating an Ackerman excavator owned by his employer. The bucket arm of the excavator struck and injured a fellow employee, Bryan Lanehart. Lanehart sued McCarty, who sought coverage from Concord General under his family combination automobile policy and his homeowner's policy. The excavator weighs 61,000 pounds and has caterpillar-type tracks. Its top speed is 1.9 miles per hour. It is not suitable, because of its weight and caterpillar-type tracks, for use on public roads; it is transported from site to site by a flatbed trailer. It is neither inspected nor registered with the State of New Hampshire, and has no front or rear lights.

McCarty alleges that the term "automobile" is ambiguous because it is not specifically defined in the policy to exclude heavy equipment of the type he was operating at the time of the accident. He also alleges that the definition of "business" in his homeowner's policy is ambiguous as to whether off-premises business activities, as opposed to on-premises business activities, are excluded from coverage.

McCarty relies on our holding in *Trombly v. Blue Cross/Blue Shield*, 120 N.H. 764, 771, 423 A.2d 980, 985 (1980), for the assertion that both policies must be construed against the insurer as a matter

of law where there is ambiguity, which "include[s] all terms about the meaning or application of which reasonable disagreement between the contracting parties is possible." *Smith v. Liberty Mut. Ins. Co.*, 130 N.H. 117, 122, 536 A.2d 164, 166 (1987). If the language is not ambiguous, we will interpret it "as would a reasonable person in the position of the insured based on a more than casual reading of the policy as a whole." *Haley v. Allstate Ins. Co.*, 129 N.H. 512, 514, 529 A.2d 394, 396 (1987).

The *Haley* test encourages insurers to write clear and unambiguous policies that are intelligible to the layperson who purchases insurance. Former Chief Justice Kenison noted that "[i]n light of the inherently ambiguous nature of words themselves, the ascertainment of a plain meaning [in a contract] may be at best an elusive goal." *Spectrum Enterprises, Inc. v. Helm Corp.*, 114 N.H. 773, 776, 327 A.2d 144, 146 (1974). Nevertheless, there are many cases in which the plain meaning of an insurance contract can be ascertained. This case is one. We conclude that Concord General's automobile and homeowner's policies unambiguously exclude this accident from coverage.

We consider first the automobile policy. Concord General's policy gives coverage to the insured for accidents that occur while the insured is operating a "non-owned automobile." The policy defines a "non-owned automobile" as "an automobile or trailer not owned by . . . the named insured . . . ." McCarty alleges that the policy is ambiguous because the term "automobile" is undefined in the policy. However, the term "owned automobile" is defined as "a private passenger, farm or utility automobile" or "a trailer" owned by the named insured. It is both logical and reasonable to conclude that the interpretation of the word "automobile" in the policy is synonymous with the definition of "owned automobile," minus the incident of ownership.

The terms used in the definition of "owned automobile" could not remotely include the 61,000-pound, tracked vehicle described above. The trial court stated in its order that it "strains credulity to argue that a commercial excavator weighing 61,000 pounds, having caterpillar-type tracks and a top speed of 1.9 miles per hour can be considered an 'automobile' for purposes of a family automobile policy." We agree. The excavator in this case is unlike the motor vehicle in *Royal Globe Insurance Companies v. Fletcher*, 123 N.H. 189, 192, 459 A.2d 255, 258 (1983) (tractor with backhoe attachment was a "motor vehicle"). The excavator here is also unlike the motor vehicle in *American Mut. &c. Ins. Co. v. Chaput*, 95 N.H. 200, 208, 60 A.2d 118, 121

(1948) (tractor had pneumatic tires, was privileged to operate over public highways in moving to a job site, and was registered with State).

■ ■ We find no ambiguity as to whether Concord General agreed to insure the excavator under this automobile policy, and hence the *Trombly* rule does not apply. We will "not force an ambiguity where none is apparent merely to resolve coverage in favor of the insured." *Cutter v. Maine Bonding & Cas. Co.*, 133 N.H. 569, 576, 579 A.2d 804, 808 (1990).

■ We next consider the homeowner's policy. Under that policy, Concord General is obligated to "pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence." The policy contains the following exclusion:

"This policy does not apply:

. . . .

d. to bodily injury or property damage arising out of business pursuits of any Insured except activities therein which are ordinarily incident to non-business pursuits."

On the last page of the policy, in the general conditions section, "business" is defined as "a trade, profession or occupation, including farming, and the use of any premises or portion of residence premises for any such purposes." McCarty does not contest that at the time of the accident his employment was "a trade, profession or occupation," within the meaning of the policy language. *See Berkshire Mut. Ins. Co. v. LaChance*, 115 N.H. 487, 489, 343 A.2d 642, 643 (1975). McCarty contends that the second clause in the definition of "business" requires the use of McCarty's resident premises in Rochester for the business pursuits exception to apply. Thus, he argues, "business" does not include activities that occur off-premises, such as in this accident. We fail to see how a "reasonable person in the position of the insured" could reach this conclusion. *See Haley*, 129 N.H. at 574, 529 A.2d at 396. The homeowner's policy clearly excludes from coverage "bodily injury" "arising out of business pursuits of any Insured . . . ," whether on-premises or off-premises. There is no ambiguity, and the trial court properly denied coverage.

*Affirmed.*

All concurred.