**UNITED NATIONAL INSURANCE COMPANY, Plaintiff,**

**v.**

**HORNING, LTD., Donald Bishop, Kevin Eddy, 3445 South Park Avenue, Inc. and Judy Salansky, Defendants.**

No. 94–CV–229A.

United States District Court,
W.D. New York.

March 15, 1995.

Carolyn Karp Schwartz, Wilson, Elser, Moskowitz, Edleman & Dicker, New York City, for plaintiff.

Joseph A. Matteliano, Buffalo, NY, for defendants.

## ORDER

ARCARA, District Judge.

The above-referenced case was referred to Magistrate Judge Carol E. Heckman, pursuant to 28 U.S.C. § 636(b)(1)(B) on April 28, 1994. On January 25, 1995, Magistrate Judge Heckman filed a Report and Recommendation recommending that plaintiff's motion for summary judgment be granted.

The Court having carefully reviewed the Report and Recommendation, the record in this case, as well as the pleadings and materials submitted by the parties; and no objections having been timely filed, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Heckman's Report and Recommendation, plaintiff's motion for summary judgment is granted the Clerk is directed to enter judgment in favor of the plaintiff.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION

HECKMAN, United States Magistrate Judge.

This matter was referred to the undersigned by the Hon. Richard J. Arcara, to hear and report, in accordance with 28 U.S.C. § 636(b). Pending before the court is plaintiff's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff, United National Insurance Co. seeks a determination that it does not owe a defense or indemnity obligation to defendant, Horning Ltd. For the reasons set forth below, it is recommended that plaintiff's motion be granted.

### BACKGROUND

The question before the court is whether the plaintiff United National Insurance Company ("UNIC") has a duty to defend and/or indemnify defendant Horning Ltd. ("Horning") in a lawsuit pending in New York State Supreme Court entitled *Judy Salansky v. Horning Ltd., Donald Bishop, Kevin Eddy, and 3445 South Park Avenue, Inc.* ("underlying action"). The insurance policy at issue, No. GA–711285, was issued by UNIC on September 24, 1992, and furnishes General Automobile Liability and Liquor Liability Insurance Coverage ("LLIC") for Horning Ltd. d/b/a Wildcat Cafe (Item 8, exhibit D). The central issue in this motion for summary judgment is whether the facts alleged in the underlying action fall into one of the exclusions to coverage in the insurance policy.

In the underlying action, Judy Salansky has sued Horning Ltd., Donald Bishop, Kevin Eddy, and 3445 South Park Avenue, Inc., for personal injuries she allegedly sustained on December 21, 1992. Ms. Salansky claims that she was attacked, struck, raped, and sexually abused by defendant Donald Bishop and that the other defendants are liable under the Dram Shop Act (N.Y.Gen.Oblig.Law § 11–101) for serving alcohol to Bishop even though he was intoxicated.

Plaintiff UNIC now seeks a declaratory judgment that it is not obligated to defend Horning in the pending lawsuit filed by Ms. Salansky. Specifically, plaintiff claims that the conduct at issue in the underlying action amounts to an assault and/or battery and thus falls into the provision that excludes from coverage claims that arise from an assault and/or battery. Horning argues that the provision is inapplicable and that UNIC's is required to defend them in the state court action.

### DISCUSSION

Under the Fed.R.Civ.P. 56(c), summary judgment should be granted if the record demonstrates "that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." A motion for summary judgment is proper where the issues to be resolved are questions of law, not fact. Thus, summary judgment is appropriate in the present case because "[t]he determination of the duty to defend is a question of law answered by comparing the allegations of the complaint (underlying action) to the provisions of the policy." *National Grange Mut. Ins. Co. v. Continental Cas. Ins. Co.*, 650 F.Supp. 1404, 1408 (S.D.N.Y.1986).

The duty to defend, under New York law,[1] has been interpreted as "heavier and broader" than the duty to indemnify. *Servidone Construction Corp. v. Security Ins. Co. of Hartford*, 64 N.Y.2d 419, 423–24, 488 N.Y.S.2d 139, 477 N.E.2d 441 (1985). The insurer must defend the insured in any matter covered by the policy where the insured may be held liable for damages, regardless of the likelihood of success on the underlying claim. *Avondale Industries, Inc. v. Travelers Indem. Co.*, 123 F.R.D. 80, 82 (S.D.N.Y.1988), *aff'd* 887 F.2d 1200 (2d Cir. 1989), *cert. denied*, 496 U.S. 906, 110 S.Ct. 2588, 110 L.Ed.2d 269 (1990). To be released from this obligation, the insurer must show that the policy does not afford coverage for any of the claims raised in the underlying action. Put another way, the insurer must show that:

the allegations of the complaint cast that pleading solely and entirely within the policy exceptions, and further, that the allegations, *in toto*, are subject to no other interpretation.

*Seaboard Surety Co. v. Gillette Co., et al.*, 64 N.Y.2d 304, 312, 486 N.Y.S.2d 873, 476 N.E.2d 272 (1984) (quoting *International Paper Co. v. Continental Cas. Co.*, 35 N.Y.2d 322, 325, 361 N.Y.S.2d 873, 320 N.E.2d 619 (1974).

Furthermore, any ambiguities in an insurance contract are to be construed in favor of the insured and against the insurer. *National Grange Mut. Ins. v. Continental Cas. Ins., supra*, 650 F.Supp. at 1408 (citations omitted). If the plain meaning of the contract can be ascertained, it will be given effect. However, if a contract term is subject to more than one reasonable interpretation, it will be considered ambiguous. *Ogden Corp. v. Travelers Indem. Co.*, 681 F.Supp. 169, 173 (S.D.N.Y.1988) (quoting *Breed v. Insurance Co. of North America*, 46 N.Y.2d 351, 353, 413 N.Y.S.2d 352, 385 N.E.2d 1280 (1978)). This is particularly true of clauses which attempt to exclude certain events from coverage:

Any [ ]exclusions or exceptions from policy coverage must be specific and clear in order to be enforced. They are not to be extended by interpretation or implication, but are to be accorded strict and narrow construction.

*Seaboard Surety Co. v. Gillette Co., supra*, 64 N.Y.2d at 311, 486 N.Y.S.2d 873, 476 N.E.2d 272.

The determination of an insurer's duty to defend requires the court to compare the allegations in the complaint to the provisions of the insurance contract. Here, the insurance contract provides coverage for:

[A]ll sums which the insured shall become legally obligated to pay as damages because of injury to which this insurance applies, sustained by any person if such liability is imposed upon the insured by reason of the selling, serving or giving of any alcoholic beverages at or from the insured premises, and the company shall

---

1. The parties do not dispute that New York law governs this diversity action.

have the right and duty to defend any suit against the insured seeking damages, even if any of the allegations of the suit are groundless, false or fraudulent ... (Item 8, exhibit D).

The complaint filed by Ms. Salansky in the underlying action includes a claim against Horning for serving her attacker, Donald Bishop, while he was obviously intoxicated (Item 8, exhibit C). These allegations do indeed fall within the terms of the coverage.

The question then becomes whether the allegations are covered by one of the exclusionary provisions of the contract, thus relieving plaintiff UNIC of its duty to defend Horning in the underlying lawsuit. Herein lies the dispute. UNIC argues that the assault and/or battery exclusionary clause, located on page four of the policy, excludes Ms. Salansky's claim from coverage.

Horning disagrees. Defendant's argument is two-fold. First, Horning argues that the assault and battery exclusionary clause is not meant to apply to the Liquor Liability Insurance Coverage portion of the contract. In the alternative, defendant argues that if the court finds the exclusion applicable to the LLIC, it does not address an assault and/or battery committed by a *patron* and is, therefore, inapplicable to the facts of this case.

## I.  Application of the Exclusionary Provision to the Liquor Liability Insurance Coverage

■ Subsection three of the declaration page (page one) of the policy issued to Horning allows the party purchasing the insurance to indicate the type of coverage desired. The choices offered include "Comprehensive General Liability Insurance" and "Liquor Liability Insurance Coverage" (Item 8, exhibit D). The only coverage purchased by Horning was the LLIC in exchange for a premium payment of $4060.00. The subsequent pages of the policy outline the extent of the coverage as well as indicate certain exclusions from coverage.

Horning argues that the assault and battery exclusion, contained on page four of the policy, is not meant to apply to the LLIC "but rather to the Comprehensive General Liability Insurance envisioned on the decla-

ration page" which was not purchased by Horning (Item 10, at 2.) Defendant explains that if UNIC intended the exclusions on page four to apply to the LLIC they would have specifically referenced the LLIC at the top of the page. Horning offers as evidence the fact that at the top of page five, entitled "Additional Insured—Employees Endorsement", UNIC included the following statement, "This endorsement modifies the insurance provided under the Liquor Liability Insurance Coverage Part" (Item 8, exhibit D). In contrast, page four, where the assault and battery exclusion is located, does not contain such language.

Thus, defendant concludes, the exclusion provisions of page four must apply to the Comprehensive General Liability Insurance which was not purchased by Horning. At the very least, the absence of a reference to the specific type of coverage at the top of page four creates an ambiguity as to what type of coverage the exclusions apply.

Defendant Horning is attempting to make ambiguous what is patently clear. The exclusions set out on page four of the contract, which include the assault and/or battery exclusion, apply to the LLIC, as this was the *only* coverage purchased by defendant. It cannot reasonably be argued that page four of the contract is intended to set forth exclusion provisions for an insurance policy Horning did not purchase. Indeed, the declaration page of the policy clearly includes the endorsement in question.

The introductory text on page four provides:

Attached to and forming a part of Policy No. GA–711285. Issued to: Horning Ltd. d/b/a/ Wildcat Cafe. By: United National Insurance Company

**THIS ENDORSEMENT CHANGES THE POLICY, PLEASE READ CAREFULLY**

The plain language above makes clear that the provisions on page four are to be included and incorporated into the insurance contract. "[N]o policy language should be rendered meaningless surplusage—instead all language must be interpreted in accordance with its plain and ordinary meaning." *Her-*

mitage Ins. Co. v. Dahms, 842 F.Supp. 319, 323 (N.D.Ill.1994) (citations omitted). Had UNIC wished to limit the exclusionary provision on page four to the Comprehensive General Liability Insurance, it would have done so specifically.

## II. Assault and/or Battery Committed by a Patron

■ Having determined that page four, and the exclusions thereon, are a part of the insurance contract, the court must now determine whether the assault and/or battery exclusion provision is applicable to this case, freeing UNIC from its duty to defend Horning. The provision provides as follows:

ADDITIONAL EXCLUSIONS ENDORSEMENT

In consideration of the premium charged, it is understood and agreed that no coverage is provided under the policy to which this endorsement is attached, for either defense or indemnification, for any claim asserting a cause of action within any of the Exclusions listed below:

3. Assault & Battery Exclusion

Claims arising out of an assault and/or battery, whether caused by or at the instigation of, or at the direction of, or omission by, the insured, and/or his employees (Item 8, exhibit D).

Horning argues that the clause is inapplicable because it only exempts from coverage an assault and/or battery committed by the insured or his employee, not those committed by patrons.

Defendant's second argument again attempts to create ambiguity where there is none. The plain language of the provision excludes from coverage "claims arising out of an assault and/or battery." The specific instances identified in the clause are simply not meant to provide an exhaustive list of the conduct contemplated by the exclusion. Reading the contract as a whole, the meaning here is clear. The policy provides coverage for claims arising out of, "the selling, serving, or giving of any alcoholic beverages at or from the insured premises ..." except where the, "[c]laims aris[e] out of an assault and/or battery ..." (Item 8, exhibit D). The insurance policy does not provide coverage for the

claims alleged in the underlying cause of action. Therefore, UNIC does not have a duty to defend Horning against Ms. Salansky's claims.

The Second Circuit's opinion in United Nat. Ins. Co. v. Waterfront New York Realty Corp., 994 F.2d 105 (2d Cir.1993) reached the identical conclusion. There the court rejected the argument that the assault and battery exclusion refers only to assault and battery caused by the insured or its employees. The court held that the exclusions precluded coverage for a rape which occurred on the insured's premises. See also, United Nat. Ins. Co. v. The Tunnel, Inc., 988 F.2d 351 (2d Cir.1993) (assault and battery exclusion negates duty to defend where victim was beaten by bouncer and liability in underlying claim based on negligent hiring).

### CONCLUSION

For the foregoing reasons it is recommended that plaintiff UNIC's motion for summary judgment should be grant.

DATED: Buffalo, New York

January 25, 1995

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on de novo review arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See, e.g., Paterson–Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir.1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474

U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir.1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.*

**SO ORDERED.**

DATED: Buffalo, New York

January 25, 1995

