Hillsborough-northern judicial district
No. 95-755

## LAWRENCE M. HOEPP

v.

## STATE FARM INSURANCE COMPANY

July 18, 1997

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*Theodore Wadleigh* on the brief and orally), for the plaintiff.

*Bouchard & Mallory, P.A.*, of Manchester (*Paul B. Kleinman* and *Jeanine P. McConaghy* on the brief, and *Ms. McConaghy* orally), for the defendant.

BROCK, C.J. The plaintiff, Lawrence M. Hoepp, filed a declaratory judgment action to determine coverage under a personal liability umbrella policy issued by the defendant, State Farm Insurance Company. He appeals the decision of the Superior Court (*Groff*, J.), denying coverage under the policy's "business operations" exclusion. We reverse.

The plaintiff and John Nightingale became acquainted as members of a ski club in Waterville Valley. On Nightingale's invitation, the plaintiff joined him in three real estate investments between

1987 and 1990. Because the plaintiff is a surgeon with a very active practice, he wanted no role in managing the investments. Consequently, the plaintiff merely provided a portion of the start-up money required for each project, while Nightingale was the managing partner and made all decisions.

The third project ultimately failed, the bank foreclosed on the property, and the plaintiff lost his investment. When the plaintiff learned that Nightingale had mishandled funds in the third project, he reported the misconduct to the attorney general's office. Although the State initiated criminal proceedings against Nightingale, the charges were later dismissed. Nightingale responded to the criminal action by suing the plaintiff for malicious prosecution.

The plaintiff filed a declaratory judgment action, seeking coverage for the malicious prosecution action under the personal liability umbrella policy issued by the defendant. The trial court determined that the policy's "business operations" exclusion barred coverage because "the purchasing, holding, and developing of real property is a business operation under the policy." The plaintiff appeals.

■■ The sole issue on appeal is whether the "business operations" exclusion bars coverage for the malicious prosecution action. On appeal, the interpretation of the exclusionary language is a question of law for this court to decide. *Concord Gen. Mut. Ins. Co. v. Mitchell*, 138 N.H. 229, 231, 637 A.2d 903, 904 (1994). "If the policy language is ambiguous or where conflicting interpretations exist, we construe the policy in favor of providing coverage to the insured." *Weaver v. Royal Ins. Co. of America*, 140 N.H. 780, 781-82, 674 A.2d 975, 977 (1996). The doctrine that ambiguities in an insurance policy must be construed against the insurer "is rooted in the fact that insurers have superior understanding of the terms they employ." *Heniser v. Frankenmuth Mut. Ins.*, 534 N.W.2d 502, 506 (Mich. 1995). Additionally, interpreting the language in favor of the insured and against the insurer is particularly applicable when ambiguities are found in an exclusionary clause. *Cf. M. Mooney Corp. v. U.S. Fidelity & Guaranty Co.*, 136 N.H. 463, 470-71, 618 A.2d 793, 797 (1992); *see Merchants Ins. Group v. Warchol*, 132 N.H. 23, 27, 560 A.2d 1162, 1164 (1989).

We turn first to the language of the policy itself. The policy expressly excludes coverage "for any loss caused by your *business* operations or arising out of *business property*." "Business" is defined in the policy as a "trade, profession, or occupation"; "operations," however, is undefined. Although we have previously interpreted the "business pursuits" exclusion commonly found in

homeowners' policies, *see Haley v. Allstate Ins. Co.*, 129 N.H. 512, 514, 529 A.2d 394, 396 (1987), the interpretation of the "business operations" exclusion in the umbrella policy here is an issue of first impression, *cf. Allstate Ins. Co. v. Crouch*, 140 N.H. 329, 331, 666 A.2d 964, 966 (1995) (applying "business pursuits" exclusion analysis to "business activities" exclusion, where parties agreed that analysis was identical).

The defendant asserts in its brief that "[t]he business operations exclusion is for all intents and purposes identical to the business pursuits exclusion found in homeowners' policies." Consequently, the defendant maintains, because the plaintiff's involvement in the real estate investments contained the critical elements of profit motive and continuity, *see Haley*, 129 N.H. at 514, 529 A.2d at 396, the exclusion applies. *See, e.g., Vallas v. Cincinnati Ins. Co.*, 624 So. 2d 568, 571-72 (Ala. 1993) (concluding "business pursuits" includes passive investment); *State Farm Fire & Cas. Co. v. Drasin*, 199 Cal. Rptr. 749, 752 (Ct. App. 1984) (determining that "business pursuit" need not be insured's sole or primary occupation).

The plaintiff counters, however, that "business operations" differs from "business pursuits." Specifically, he maintains that the "business operations" exclusion in his umbrella policy is narrower than the more common "business pursuits" exclusion. Thus, he contends, the exclusion does not bar coverage for the malicious prosecution action. *See, e.g., Eyler v. Nationwide Mut. Fire Ins. Co.*, 824 S.W.2d 855, 859 (Ky. 1992) (activity not a "business pursuit" where insured's "participation was limited to investing money and protecting his investment").

Both interpretations of the exclusion are reasonable. As the defendant argues, at least one court has concluded that "business operations" means essentially the same as "business pursuits." *See State Farm Fire and Cas. Co. v. Geary*, 699 F. Supp. 756, 761 (N.D. Cal. 1987). On the other hand, the plaintiff's argument that "business operations" is narrower than "business pursuits" also has merit, given the active involvement that the term "operation" implies.

■ Because both interpretations of the "business operations" exclusion are reasonable, we conclude that the policy language is ambiguous. *See Weaver*, 140 N.H. at 783, 674 A.2d at 978. A more than casual reading of the policy might suggest to the insured that the "business operations" exclusion applied only to his principal business — his active surgical practice. *See High Country Assocs. v. N.H. Ins. Co.*, 139 N.H. 39, 41, 648 A.2d 474, 476 (1994); *Brickell v.*

*United States Fire Ins. Co.*, 436 So. 2d 797, 801 (Miss. 1983). Although extensive involvement in investment activities could bring an insured within the purview of the policy exclusion, the plaintiff's minimal involvement in the investments here did not. *See Crouch*, 140 N.H. at 333, 666 A.2d at 966-67. Accordingly, the "business operations" exclusion does not bar coverage for the malicious prosecution action.

*Reversed.*

THAYER and HORTON, JJ., did not sit; the others concurred.