## UNITED NATIONAL INSURANCE COMPANY, Plaintiff, Appellant,

v.

## PENUCHE'S, INC., et al., Defendants, Appellees.

### No. 97–1476.

United States Court of Appeals, First Circuit.

Heard Sept. 12, 1997.

Decided Nov. 6, 1997.

---

Richard J. Riley, with whom Murphy & Riley, P.C., Boston, MA, was on brief for appellant.

Jeffrey S. Cohen, with whom Gregory R. Kirsch and Sulloway & Hollis, P.L.L.C., Concord, NH, were on brief for appellees.

Before TORRUELLA, Chief Judge, LYNCH, Circuit Judge, and KEETON,* District Judge.

* Of the District of Massachusetts, sitting by designation.

TORRUELLA, Chief Judge.

United National Insurance Company ("United National") brought this suit seeking a declaration that it has no duty to defend or indemnify Penuche's, Inc. ("Penuche's"), and its president, Todd Tousley, in a tort action brought by a Penuche's Ale House patron, Thomas Burke. At Penuche's, Burke was involved in an altercation which Tousley attempted to break up. In so doing, Tousley caused Burke to fall backward, injuring his spine. Among other contentions, United National claims that under New Hampshire law it has no duty to indemnify Penuche's or Tousley for this claim because its multi-peril insurance policy contains an exclusion for any claims "arising out of an assault and/or battery." We reject United National's arguments and affirm the district court's award of summary judgment to Penuche's and Tousley, but we do so on different grounds than decided by that court.

## BACKGROUND

The facts in this case are essentially undisputed. On October 4, 1995, Burke was in Penuche's Ale House in Keene, New Hampshire. An altercation ensued between two men, and Burke left his table to attempt to calm them down. Afterwards, as he turned his back to return to his table, he was attacked by one of the men with a barrage of punches to the side and back of his head. As he turned around to face his assailant, he observed a Penuche's employee, Tousley, coming toward him to stop the fight. Tousley grabbed Burke in a "bear hug," pinning his arms to his sides in an apparent attempt to immobilize him and prevent further fighting. Tousley's momentum, however, caused Burke to fall backwards, striking various obstructions as he fell. The fall left Burke with a severe spinal cord injury.

Burke sued Tousley and Penuche's in a New Hampshire court, alleging that his injuries resulted from Tousley's negligence in carelessly intercepting and restraining him. Burke further claimed that Penuche's is liable under *respondeat superior,* and "actively negligent" insofar as slippery and/or cluttered premises proximately caused his injuries. After the commencement of the state court action, Tousley and Penuche's demanded that United National provide coverage and defense of Burke's claims under a multi-peril insurance policy held by "Todd Tousley DBA Penuche's Ale House." United National agreed to provide a defense subject to a reservation of rights, claiming that an exclusion in its policy relieves it of any indemnity obligation. It subsequently sued Penuche's and Tousley in federal district court under diversity jurisdiction, 28 U.S.C. § 1332, seeking a declaratory judgment to this effect.

Penuche's policy requires United National to defend and indemnify it against claims asserting bodily injury caused by "occurrence[s] ... arising out of the ownership, maintenance or use of the insured premises." United National contends that "exclusions" take away coverage that would otherwise apply to this case under this broad "coverage" provision.

One of the policy provisions excludes coverage for:

claims arising out of an assault and/or battery, whether caused by or at the instigation of, or at the direction of, or omission by, the Insured, and/or his employees.

This is the "assault and battery" exclusion at issue. United National also requests a limited declaration that insofar as Burke's claims arise out of Penuche's negligent sale or service of alcoholic beverages, coverage is precluded by a "liquor liability" exclusion.

The district court found that neither exclusion precluded coverage for the underlying suit. The court awarded summary judgment for Penuche's and Tousley, ordering United National to defend and indemnify the claims. United National appeals this award, asking for declaratory judgments under both exclusions and further arguing that it was premature for the district court to order it to indemnify the underlying claims, as opposed to merely ordering a defense of those claims.

## DISCUSSION

We review *de novo* a district court's grant of summary judgment. *Pine Tree Medical Associates v. Secretary of Health and Hu-*

*man Services,* 127 F.3d 118, 120–21 (1st Cir. 1997).

## I. The Assault and Battery Exclusion

United National claims that coverage for Burke's injuries is excluded because they "arose out of" two assault and batteries: first Burke was attacked by another Penuche's patron; and then he was manhandled by Tousley, who was attempting to break up the fighting. United National argues that the assault and battery exclusion applies if the claims arose out of either or both of these incidents.

### A. The Fight

■ It is not disputed that Burke was battered by another patron of Penuche's on October 4, 1995. However, the assault and battery exclusion is only implicated by this fight if batteries by customers were a type of battery excluded by the contract, and if Burke's injuries could fairly be said to "arise out of" this patron's attack.

The policy excludes "claims arising out of an assault and/or battery, *whether* caused by or at the instigation of, or at the direction of, or omission by, the Insured, and/or his employees." (emphasis added). Tousley claims that this exclusion is inapplicable to any claims arising out of the patrons' fight because its terms only exclude coverage for assaults caused by acts or omissions of employees. In other words, Tousley reads the examples following the word "whether" as an exhaustive list. He argues that, at the very least, this provision is ambiguous, and that under New Hampshire law this ambiguity must be resolved against United National. *See Hoepp v. State Farm Ins. Co.,* 697 A.2d 943, 945 (N.H.1997). These arguments fail.

■ An insurance policy's language "must be accorded its natural and ordinary meaning." *Coakley v. Maine Bonding and Cas. Co.,* 136 N.H. 402, 618 A.2d 777, 781 (1992) (quoting *Trombly v. Blue Cross/Blue Shield,* 120 N.H. 764, 423 A.2d 980, 984 (1980)). Tousley's position either reads the word "whether" out of the exclusion completely, or gives it a meaning identical to the word "if." This interpretation runs against the common-

ly accepted meaning of the word "whether" in this context. If one hears, "the post office will deliver your mail, whether it is raining or snowing," one will not take this to mean that mail is only delivered in inclement weather. Similarly, where this policy lists specific types of excluded assaults and batteries after the word "whether," it does not follow that other assaults and batteries are not excluded. Our interpretation of this exclusion is consistent with the only other court that we have found to have addressed this question. In *United Nat'l Ins. Co. v. Horning, Ltd.,* 882 F.Supp. 310 (W.D.N.Y.1995), United National sought a declaratory judgment under an identical exclusion in a liquor liability policy. *Horning* involved an action brought by a rape victim against a drinking establishment and bartenders for serving her attacker even though he was under the influence. Rejecting a reading of the clause identical to that proposed here by Tousley, the district court held that "[t]he specific instances identified in the clause are simply not meant to provide an exhaustive list of the conduct contemplated by the exclusion." *Id.* at 314. We agree.

Furthermore, if Burke is trying to hold these defendants liable for the actions of a customer, his theory of liability must necessarily follow from an act or omission of Penuche's or its employees. *See, e.g., United Nat'l Ins. Co. v. Waterfront New York Realty Corp.,* 994 F.2d 105, 109–110 (2d Cir.1993) *citing United Nat'l Ins. Co. v. The Tunnel, Inc.,* 988 F.2d 351, 354 (2d Cir.1993) (identical assault and battery exclusion cannot be read to exclude only more "direct" acts or omissions of employees as opposed to more "remote acts of negligence" leading to assaults and batteries). Therefore, the exclusion applies to the fight in this case, and the district court erred in adopting Penuche's limited interpretation of this clause.

■ Even if the policy exclusion covers this type of battery, however, the exclusion only precludes recovery in this case if Burke's injuries also can be said to "arise out of" the fight. Under New Hampshire law, "arising out of" is a very broad term meaning "originating from or growing out of or flowing from." *Winnacunnet Coop. Sch. Dist. v. National Union Fire Ins. Co.,* 84 F.3d 32, 35

(1st Cir.1996) (citing *Merrimack Sch. Dist. v. National Sch. Bus Serv., Inc.,* 140 N.H. 9, 661 A.2d 1197, 1199 (1995) (quoting *Carter v. Bergeron,* 102 N.H. 464, 160 A.2d 348, 353 (1960))). While the concept of "arising out of" is broader than proximate causation, it is not so broad as to encompass a "tenuous" connection. *See Cannon v. Maine Bonding & Casualty Co.,* 138 N.H. 365, 639 A.2d 270, 271 (1994); *Akerley v. Hartford Ins. Group,* 136 N.H. 433, 616 A.2d 511, 515 (1992).

■ United National argues that Burke's injuries arose out of the altercation with the other patron insofar as that altercation necessitated Tousley's doomed intervention. While this argument has some plausibility, we hold that Burke's injuries cannot be said to "arise out of" the initial attack. The spinal injury occurred when Tousley's "bear hug" and his momentum from hurrying over to stop the fight caused Burke to fall backward, into a table and onto the floor. All of the damages in this tort action stem from a discrete intervening act of alleged negligence, and this claim cannot be said to arise out of earlier actions. Tousley had a completely different objective from the brawling patron, and Burke's eventual injuries were not caused by the blows he received in the fight. *See Winnacunnet,* 84 F.3d at 38 (observing that assault and battery exclusions are intended to preclude coverage of claims where such excluded acts *immediately* cause the injury). This is not a case in which a bartender or bouncer joined sides in a donnybrook. The injury caused by the employee in this case arose entirely out of his own actions.

The district court's conclusion that the assault and battery exclusion is inapplicable to the fight is affirmed on these alternate grounds. *See Frillz, Inc. v. Lader,* 104 F.3d 515, 516 (1st Cir.1997) (reviewing court is not bound by the rationale of the lower court on summary judgment, but may affirm "on any alternative ground made manifest by the record").

**B. The "Bear Hug"**

■ Having disposed of United National's argument that Burke's fight precludes coverage, the applicability of the assault and battery exclusion hinges on whether Tousley's attempt to break up the fight itself constituted a "battery." Since there is no definition of "battery" in the policy, we look to the common law definition of the term. According to the Restatement (Second) of Torts, an actor is liable to another for battery if:

> (a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and

> (b) a harmful contact with the person of the other directly or indirectly results.

Restatement (Second) of Torts § 13 (1977). As both parties acknowledge in their briefs, the disputed issue here is whether Tousley had the requisite intent to cause an "offensive" contact with Burke.[1]

United National refers this Court to section 19 of the Restatement (Second), which provides that "bodily contact is offensive if it offends a reasonable person's sense of personal dignity." It argues that Tousley's protective "bear hug" would offend a reasonable person's sense of dignity. We find this argument unpersuasive.

Burke testified at his deposition that, from the moment he saw Tousley about to grab him, he understood Tousley to be acting in a peacekeeping role. No reasonable person would feel their personal dignity offended by a bartender trying to prevent fighting in his establishment. This would be a different case if Tousley had hit or pushed Burke, however, it is undisputed that Tousley was merely attempting to keep Burke out of harm's way.

Professor Prosser offered a helpful example to distinguish between the intentional battery and negligence:

---

1. To commit an "assault" under the Restatement (Second) of Torts, the actor must intend to cause an imminent apprehension in another person of harmful or offensive contact. Restatement (Second) of Torts § 21 (1977). Because, under the common law, the intent element of "battery" subsumes the intent element of "assault," and because neither party argues that Tousley's bear hug constituted an "assault" rather than a "battery," it will suffice to inquire whether Tousley committed a battery.

If an automobile driver runs down a man in the street before him, with the desire to hit him, or with the belief that he is certain to do so, it is an intentional battery; but if he has no such desire or belief, but merely acts unreasonably in failing to guard against a risk which he should appreciate, it is negligence.

Prosser, Law of Torts, section 31 at 145 (4th ed.1971). In this case, Tousley's actions were negligent at most, and United National's "offending dignity" argument is unavailing.

## II. The Liquor Liability Exclusion

United National also seeks a declaratory judgment that, to the extent that Burke's claims arise out of Penuche's sale or service of alcoholic beverages, coverage is precluded by a "liquor liability" exclusion. This exclusion bars claims for "bodily injury or property damages for which the insured or his indemnitee may be held liable . . . as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages." However, in his Memorandum in Support of Motion for Summary Judgment, Burke admitted "[t]here is no allegation or evidence that Tousley or Penuche's would be liable for bodily injury by reason of the 'violation of any statute, ordinance or regulation' pertaining to the sale of alcohol." In the face of this concession, United National's request for a declaration on its "liquor liability" exclusion is superfluous. Under no reasonable construction of Burke's complaint is Penuche's being sued for negligently furnishing alcoholic beverages.

## III. The Court Order to Indemnify the Insured

■ Finally, United National argues that even if the exclusions do not apply to Burke's tort claims, the district court acted prematurely when it ordered United National to indemnify the insured before a trial. The insurance company argues that "[i]t is currently unknown precisely what the evidence will be concerning the encounter," and that it was error to "assume that the evidence will be as it has been presented in discovery." This argument lacks any support in law.

The New Hampshire Supreme Court, as a matter of course, affirms court orders to indemnify that are issued before trial. *See, e.g., Trefethen v. New Hampshire Ins. Group,* 138 N.H. 710, 645 A.2d 72, 75 (1994) (affirming declaratory judgment that insurer had duty to defend and indemnify claims); *White Mountain Constr. Co. v. Transamerica Ins. Co.,* 137 N.H. 478, 631 A.2d 907, 910 (1993) (same).

If Burke prevails at trial, and we have determined that no exclusions in the policy apply, United National simply cannot avoid its obligation. Federal courts cannot limit their rulings in anticipation of potential surprise revelations during trial. If, in fact, some heretofore unanticipated development during trial negates the rationale of this or any judgment, the affected party may file a Motion for Relief From Judgment or Order in accordance with Rule 60(b) of the Federal Rules of Civil Procedure. However, we will not refrain from affirming an order awarding indemnification for insurance claims on summary judgment where all available facts and law indicate that such an order is appropriate.

For the reasons stated herein, the district court's award for summary judgment and order for the defense and indemnification of Thomas Burke's claims is *affirmed.*