Hillsborough-southern judicial district
No. 2000-241

PAWTUCKET MUTUAL INSURANCE CO.

v.

HARTFORD INSURANCE CO. & a.

December 24, 2001

*Devine, Millimet & Branch, P.A.*, of Manchester (*Melinda S. Gehris* and *James Fox* on the brief, and *Ms. Gehris* orally), for the plaintiff.

*Getman, Stacey, Tamposi, Schulthess & Steere, P.A.*, of Bedford (*Stephen J. Schulthess* and *Jill A. DeMello* on the brief, and *Mr. Schulthess* orally), for defendant Hartford Insurance Company.

BRODERICK, J. The defendant, Hartford Insurance Company (Hartford), appeals an order of the Superior Court (*Brennan*, J.) declaring that it provides primary liability insurance coverage under a commercial auto policy for damages caused in a May 1997 automobile accident in Florida. We affirm.

The following facts are not disputed. In May 1997, Donald and Elaine Buckman went to Florida with William Vecchio and his wife. Donald Buckman (Buckman) was employed by New England Newspaper Supply Company (NENSCO) as product manager. Vecchio was vice president of Spencer Press, a client of NENSCO. Buckman and Vecchio had done business for approximately fifteen years and had developed a personal friendship. They socialized approximately once a month and had previously vacationed together with their wives. Neither Buckman nor Vecchio considered the trip to Florida a business trip, and they did not complete any business contracts or agreements while they were away. However, NENSCO, through its owner, had agreed to pay for the couples' rental vehicle as a perquisite to Buckman. Buckman rented the vehicle in his own name and paid for it with a company credit card given to him for business expenses. NENSCO also paid for the Vecchios' airfare and underwrote the cost of one dinner for the couples.

On May 10, 1997, the Buckmans and Vecchios were involved in an accident while Buckman was driving the rental vehicle. Several people were injured, and claims for property damage and personal injury were made against Buckman. At the scene of the accident, Buckman told the investigating officer that Hartford, NENSCO's auto insurer, was the responsible insurance carrier. Buckman immediately reported the accident to NENSCO and later to the plaintiff, Pawtucket Mutual Insurance Company (Pawtucket), his personal automobile insurer.

This appeal arises from a declaratory judgment action initiated by Pawtucket, which sought a declaration that NENSCO's commercial auto policy issued by Hartford provided primary liability coverage for the May 1997 accident. *See* RSA 491:22 (1997). Pawtucket acknowledged its obligation to provide coverage to Buckman, but maintained that its coverage was excess over any other collectible insurance because Buckman did not own the vehicle involved in the accident.

At issue are the Hartford commercial auto policy issued to NENSCO and the Pawtucket personal auto policy issued to Buckman. The Hartford policy provides coverage for "all sums an 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies, caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'" The policy lists NENSCO as the named insured and further provides that anyone else is an insured "while using with [NENSCO's] permission a covered 'auto' [NENSCO] own[s], hire[s] or borrow[s]."

Both the Hartford and the Pawtucket policies contain "other insurance" clauses. The Hartford policy states, "For any covered 'auto' [NENSCO does not] own, the insurance provided by this Coverage Form is excess over any other collectible insurance." The policy further states, however, that "[r]egardless of the provisions of [the above] paragraph . . . this Coverage Form's Liability Coverage is primary for any liability assumed under an 'insured contract.'" The policy defines "insured contract" as "[t]hat part of any contract or agreement entered into, as part of [NENSCO's] business, pertaining to the rental or lease, by [NENSCO] or any of [NENSCO's] employees, of any 'auto.'" The "other insurance" clause in the Pawtucket policy provides that "any insurance we provide for a vehicle [Buckman does] not own shall be excess over any other collectible insurance."

Based upon an agreed statement of facts, the trial court ruled that Hartford provided primary liability coverage for the May 1997 accident and that Pawtucket provided excess coverage. Hartford's motion for reconsideration was denied, and this appeal followed.

I

Hartford argues that the trial court erred in concluding that its policy provided any coverage for the accident and, alternatively, in ruling that its policy affords primary coverage. Where, as in this case, the trial judge decided the case on stipulated facts and all of the exhibits are available for our review, we are in as good a position as the trial court to decide the case. *Masse v. Commercial Union Ins. Co.*, 136 N.H. 628, 632 (1993). Accordingly, the customary deference we accord to a trial court's findings of fact is slackened, and we review the case under a broadened standard of review. *Hillside Assocs. of Hollis v. Maine Bonding & Cas. Co.*, 135 N.H. 325, 331 (1992).

The interpretation of an insurance policy is ultimately an issue of law for this court to decide. *Allstate Ins. Co. v. Armstrong*, 144 N.H. 170, 172 (1999). We look to the plain and ordinary meaning of the policy's words

in context and construe the terms of the policy as would a reasonable person in the position of the insured based upon more than a casual reading of the policy as a whole. *Id.* Thus, we will enforce a policy provision that limits an insurer's liability when the policy language is clear and unambiguous. *Id.* Ambiguity exists where reasonable disagreement between the contracting parties is possible with regard to the meaning or application of the policy's terms. *Concord Gen. Mut. Ins. Co. v. McCarty*, 135 N.H. 316, 318 (1992).

## II

We turn first to whether the Hartford policy affords any coverage to the May 1997 accident. Hartford argues that Buckman is not an insured under NENSCO's business auto policy and thus the accident is not covered. The Hartford policy lists NENSCO as the named insured and further provides that anyone else is an insured while using a covered auto, with NENSCO's permission, that NENSCO owns, hires or borrows. The parties do not dispute, and the record supports, that Buckman had permission to use the vehicle and that NENSCO did not own or borrow the car. Therefore, the determinative issue is whether NENSCO hired the rental vehicle.

Hartford contends that Buckman, not NENSCO, hired the vehicle because: (1) Buckman was not acting as NENSCO's agent at the time he rented the vehicle; (2) he completed the paperwork in his own name and used the vehicle for his personal use while on vacation; and (3) NENSCO did not acquire substantial possession, dominion, control or the right to direct the vehicle's use. Hartford's arguments are unpersuasive. The relevant inquiry here is whether NENSCO, through Buckman, hired the vehicle, not whether Buckman used the vehicle within the scope of his employment or under NENSCO's control.

Because the policy does not define the term "hire," we give it its ordinary meaning. *See Allstate Ins. Co.*, 144 N.H. at 172. The word "hire," in common usage, is defined as "to engage the temporary use of for a fixed sum." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1072 (unabridged ed. 1961).

Under the common definition of "hire" and the facts above, it is clear that NENSCO, via Buckman, contracted and paid for the temporary use of the rental vehicle. A corporate entity can only operate through individuals. In this case, NENSCO was operating through Buckman. The facts show that NENSCO had specifically authorized Buckman to use his company credit card to rent the vehicle for his trip to Florida. Because the definition of "insured" in the Hartford policy does not restrict the use of a hired vehicle to purely business purposes, Buckman's use of the vehicle while on

vacation does not change the fact that NENSCO hired it. In addition, the common definition of "hire" does not require an element of control, and we decline to add this additional restrictive requirement to the policy.

Based upon the common definition of "hire" and the facts of this case, we find that NENSCO hired the rental vehicle. Therefore, Buckman was an insured under the policy. Accordingly, we hold that the Hartford policy provided coverage for the May 1997 accident.

## III

We turn next to whether Hartford's coverage is primary or excess. The Hartford policy provides that its coverage is primary for any liability assumed under an insured contract. Hartford contends that the vehicle was not rented pursuant to an insured contract because it was not rented by NENSCO as part of its business; rather, Buckman rented the vehicle for his personal use while on vacation. We disagree. The appropriate inquiry here is whether NENSCO, not Buckman, was engaged in a business pursuit.

The facts indicate that Vecchio was a longtime business client of NENSCO and that the car was not the only expense underwritten by NENSCO in connection with the Florida trip. Based on these facts, it is reasonable to conclude that NENSCO paid for the rental car to further its business relationship with Vecchio. Buckman's personal mission and NENSCO's business need not be mutually exclusive. *See Jepsen v. B-Con Const. Co., Inc.*, 475 So. 2d 112, 115-16 (La. Ct. App. 1985). Because we find that NENSCO hired the vehicle to promote its business relationship with Vecchio, we hold that the vehicle was rented as part of NENSCO's business, pursuant to an insured contract. Accordingly, we hold that the Hartford policy affords primary coverage for the May 1997 accident.

*Affirmed.*

BROCK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.