# FIRST OAK BROOK CORPORATION SYNDICATE

v.

# The COMLY HOLDING CORPORATION d/b/a The American Cafe; Thomas Rowen, Appellant.

## No. 96–1079.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit LAR 34.1(a)

Aug. 15, 1996.

Decided Aug. 23, 1996.

---

Richard T. Kupersmith, Weinstein, Goss, Schleifer & Eisenberg, Philadelphia, PA, for Appellant.

James C. Haggerty, James D. Cella, Swartz, Campbell & Detweiler, Philadelphia, PA, for Appellee.

Before: GREENBERG and ALITO, Circuit Judges, and DEBEVOISE, District Judge.[*]

## OPINION OF THE COURT

GREENBERG, Circuit Judge.

This appeal arises from a determination in the United States District Court for the Eastern District of Pennsylvania of an issue of state law which is litigated repeatedly in that court, the meaning of an assault and battery exclusion in a liability insurance policy issued to a tavern.[1] This litigation recurs in the district court because of the availability of diversity jurisdiction in insurance coverage actions between insurers on the one hand and taverns and their patrons on the other hand. *See e.g., First Oak Brook Corp. Syndicate v. Ultimate Sports Bar, Inc.,* No. 94–4395, 1996 WL 202881 (E.D.Pa. Apr.19, 1996); *Britamco Underwriters, Inc. v. Five Points Sports Bar, Inc.,* No. 93–6831, 1995 WL 327994 (E.D.Pa. May 31, 1995); *Britamco Underwriters, Inc. v. O'Hagan,* No. 94–1160, 1994 WL 477551 (E.D.Pa. Sept. 2, 1994), *aff'd,* 60 F.3d 814 (3d Cir.1995) (table); *Britamco Underwriters, Inc. v. Norm's Union Station, Inc.,* No. 91–4694, 1992 WL 210323 (E.D.Pa. Aug. 25, 1992).[2] Perhaps by determining the meaning of the exclusion we will forestall further litigation on the point in the district courts, thereby saving litigants attorneys' fees and other costs in future cases.

Inasmuch as the appellant, Thomas Rowen, appeals from a grant of summary judgment in favor of the appellee, First Oak Brook Corporation Syndicate, we will recite the facts in the light most favorable to him. On February 13, 1993, Rowen was a patron at the American Cafe in Philadelphia, Pennsylvania. Comly Holding Corporation owns the American Cafe. While Rowen was in the cafe, Comly's employees negligently shoved and pushed patrons into him and he thereby was injured.

Consequently, Rowen filed a civil action against Comly in the Court of Common Pleas of Philadelphia County. In the complaint, Rowen alleged that he was in the vestibule of the cafe when several of its employees shoved friends of his into him, causing him to fall to the ground and suffer injuries. The

---

[*] Honorable Dickinson R. Debevoise, Senior Judge of the United States District Court for the District of New Jersey, sitting by designation.

1. We indicate that the exclusion appears in tavern policies because the cases we have examined arise from incidents in taverns. Nevertheless, we do not see any reason why such an exclusion can appear only in tavern policies. We believe that tavern policies include the provision because of the risks inherent in the operation of such businesses.

2. The exclusions in *Five Points Sports Bar* and *O'Hagan* are slightly different from that involved in this case, but the difference is not material on this appeal.

complaint alleged that Comly was negligent and careless because its employees recklessly and carelessly engaged in this behavior. Rowen charged that Comly was also negligent for "failing to properly hire and train" its employees, "failing to provide a safe passage to and from the entrance and exit" to the cafe, and "failing to use due care in ensuring the safety of patrons on the premises in the same or similar circumstances to that of plaintiff." Comly tendered the defense of Rowen's case to First Oak Brook, which undertook the defense under a reservation of rights.

First Oak Brook then instituted this declaratory judgment action against Comly and Rowen in the district court. In its complaint, it alleged that it had issued a comprehensive general liability policy to Comly, which was in force when Rowen was injured. First Oak Brook set forth the background of the injury to Rowen and the underlying lawsuit. It pointed out that its policy contained the following endorsement:

### ASSAULT & BATTERY ENDORSEMENT

In consideration of the premium charged for this insurance, the policy to which this endorsement is attached, is amended and modified as follows:

Actions and proceedings to recover damages for bodily injuries or property damage arising from the following are excluded from coverage, and the Company is under no duty to defend or to Indemnify an insured in any action or proceeding alleging such damages:

1. Assault;
2. Battery;
3. Harmful or offensive contact between or among two or more persons;
4. Apprehension of harmful or offensive contact between or among two or more persons; or
5. Threats by words or deeds.

Regardless of degree of culpability or intent and without regard to:

A. Whether the acts are alleged to be by or at the instruction or at the direction of the insured, his officers, employees, agents, or servants; or by any otherwise on, at or near premises owned or occupied by the insured; or by any other person;

B. The alleged failure of the insured, or his officers, employees, agents or servants, in the hiring, supervision, retention or control of any person, whether or not an officer, agent or servant of the insured;

C. The alleged failure of the insured or his officers, employees, agents or servants to attempt to prevent, bar or halt any such conduct.

This exclusion applies as well to any claims made by any other person, firm or organization, asserting rights derived from, or contingent upon, any person asserting a claim excluded under Clauses A, B, or C (above); specifically excluding from coverage claims for:

1. Emotional distress or for loss of society, services, consortium and or income;
2. Reimbursement for expenses (including but not limited to medical expense, hospital expenses, and wages) paid or incurred by such other person, firm or organization;
3. Any obligation to share damages with or repay someone who must pay damages because of the injury.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

First Oak Brook asserted that Rowen's claims against Comly arose from an assault and battery and from harmful or offensive conduct and that, by reason of the assault and battery endorsement, it was not obligated to defend Comly against Rowen's action or to indemnify Comly against Rowen's claims. Rowen filed an answer to First Oak Brook's complaint but Comly did not participate in the district court proceedings.

Subsequently, First Oak Brook moved for summary judgment. The district court granted the motion in a memorandum opinion and accompanying order dated January 9, 1996. The court set forth certain general principles of Pennsylvania law, which the parties agree is applicable. First, the court noted that an insurer is obligated to defend

an insured whenever the complaint against its insured potentially may come within the policy's coverage, citing *Pacific Indem. Co. v. Linn,* 766 F.2d 754, 760 (3d Cir.1985). Second, it stated that the insurer has the burden of proving that an exclusion encompasses the underlying action, citing *Britamco Underwriters, Inc. v. O'Hagan,* 1994 WL 477551, at *3. Third, the court indicated that it should give unambiguous policy language its ordinary meaning, citing *Imperial Cas. & Indem. Co. v. High Concrete Structures, Inc.,* 858 F.2d 128, 131 (3d Cir.1988). Finally, the court noted that the duty to indemnify is not co-extensive with the duty to defend because indemnification is based on actual liability while the duty to defend is determined by the allegations in the complaint, citing *Britamco Underwriters, Inc. v. C.J.H., Inc.,* 845 F.Supp. 1090, 1093–94 (E.D.Pa.), *aff'd,* 37 F.3d 1485 (3d Cir.1994) (table).

The court then quoted the assault and battery endorsement set forth above and described Rowen's allegations in his common pleas court complaint. The court held that "[g]iven its plain wording, the assault and battery endorsement excludes coverage." In the court's view, the shoving of customers into another patron constituted an "assault, battery, or harmful or offensive contact between or among two or more persons" without regard for "culpability or intent."

The court distinguished *Britamco Underwriters, Inc. v. Weiner,* 431 Pa.Super. 276, 636 A.2d 649, *app. denied,* 540 Pa. 575, 655 A.2d 508 (1994), a case in which the court found that the insurer had a duty to defend in a tavern assault case, because it indicated that in that case "the exclusionary endorsement did not refer to negligent acts or harmful/offensive conduct between/among two or more people. For this reason, the underlying action alleging negligent conduct on the part of the insured was not excluded." The court declined to follow *First Oak Brook Corp. Syndicate v. Ultimate Sports Bar, Inc.,* No. 94–4395, 1995 WL 241459 (E.D.Pa.1995), which involved the same assault and battery endorsement involved in this case. In *Ultimate Sports Bar* the court equated the endorsement with the endorsement in *Weiner,* an equation which the district court in this case found "misguided." Finally, the district court pointed out that *Five Points Sports Bar, Inc., O'Hagan,* and *Norm's Union Station, supra,* were contrary to *Ultimate Sports Bar.* The court therefore entered an order that First Oak Brook was not required to defend or indemnify Comly against Rowen's action and claims. Rowen then appealed. The district court had diversity of citizenship jurisdiction under 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review.

On this appeal, Rowen accepts the general principles of insurance law that the district court set forth, and which are undoubtedly correct. He would add, however, that if some allegations in the complaint fall within the terms of his coverage and others do not, the insurer is obliged to defend the entire action against the insured, citing *Britamco Underwriters, Inc. v. C.J.H., Inc.,* 845 F.Supp. at 1093–94, and that if the language of a policy is ambiguous, the court construes the policy in favor of the insured, citing *Standard Venetian Blind Co. v. American Empire Ins. Co.,* 503 Pa. 300, 469 A.2d 563, 566 (1983). Rowen argues that under *Weiner,* when "a policy ... contains an assault and battery endorsement similar to the one at issue in this case [the policy] does provide coverage for negligent conduct of bar owners which arise out of negligent acts." Br. at 13. He supports this argument by citing *Ultimate Sports Bar,* 1995 WL 241459, the opinion which the district court disapproved in this case.

We will affirm. The exclusion in *Weiner* was of claims arising out of assault and battery "whether caused by or at the instructions of, or at the direction of, the insured, his employees, patrons or any causes whatsoever." 636 A.2d at 652. The *Weiner* court held that the exclusion was not applicable in a case in which a bar owner and an employee struck a patron because the injuries "may have been caused by the negligent acts [of the bar] and not necessarily by the intentional acts of any individual." *Id.* at 652. The *Weiner* court found that the assault and battery exclusion in that case did not exclude the claims in the case predicated on negligence.

*Weiner,* however, is clearly distinguishable because the assault and battery endorsement in this case excludes coverage arising from "harmful or offensive contact between or among two or more persons," language that did not appear in the *Weiner* exclusion. Of course, "harmful" contact can arise out of a negligent act. For example, if a person walks into another person and injures him, the contact is harmful even though the actor did not intend to make contact with the other person and did so merely because he was not attentive. Consequently, there simply is no escape from the fact that whether or not Comly was negligent, Rowen's suit and claims are not covered by First Oak Brook's policy because they arose out of "harmful" contact and thus are excluded by the assault and battery endorsement. Without the contact there would not have been an injury. *See Britamco Underwriters, Inc. v. Grzeskiewicz,* 433 Pa.Super. 55, 639 A.2d 1208, 1211, *app. discontinued,* 538 Pa. 639, 647 A.2d 895 (1994).

We make one final point. Rowen's reliance on *Ultimate Sports Bar,* 1995 WL 241459, which he describes as having facts "strikingly similar to the ones in this case" and in which the assault and battery endorsement at issue was the same as in this case, in retrospect has proved to be unfortunate. That 1995 opinion was rendered on motions for summary judgment. At that time, the district court found that insurer had a duty to defend the tavern because the court regarded the endorsement in *Weiner* as "similar to the one at issue" in *Ultimate Sports Bar.* Thus, inasmuch as *Weiner* held that the policy did "provide coverage for negligent conduct of bar owners which arise out of negligent acts," the district court originally arrived at the same result in *Ultimate Sports Bar. Id.* at *4.

Following a trial, however, the district court in *Ultimate Sports Bar* reached a different conclusion. It held that *Weiner* was inapplicable because the "assault and battery endorsement at issue in *Weiner,* unlike the endorsement at issue in this case, did not exclude coverage for damages caused by 'harmful or offensive contact' 'regardless of

degree of culpability or intent.'" Furthermore, the court indicated that "[t]o the extent the Court's discussion of *Weiner* in its Memorandum of April 20, 1995 is inconsistent with this analysis, the April 20, 1995 Memorandum is vacated. *See* Fed.R.Civ.P. 54(b)." *Ultimate Sports Bar,* 1996 WL 202881 at *4 & n. 5. Inasmuch as the court filed its post-trial opinion in *Ultimate Sports Bar* only 11 days before Rowen filed his amended brief on this appeal, and Rowen did not cite the opinion, we draw the inference that he was not aware of the post-trial opinion when he filed his amended brief.[3]

In view of the aforesaid, we will affirm the order of January 9, 1996.

---

**3.** Rowen filed his original brief ten days before the 1996 opinion in *Ultimate Sports Bar.*