**Regis Insurance Co. v. Kenny's Bar & Restaurant**

*J. Todd Savarese,* for appellant.
*William J. Schmidt,* for appellee.
*Jeffrey S. Nowak,* for additional appellee Oliver.

GOLDBERG, *J.,* April 1, 2008—The primary issue in this case is whether an assault and battery exclusion under the controlling insurance policy relieves Regis Insurance Company from providing a defense or indemnification to their insured, Kenny's Bar & Restaurant Inc. t/a Kenny's Spirited Eatery. Kenny's has appealed this court's order of May 2, 2007, finding that the exclusion applies and granting Regis' motion for summary judgment.

This opinion is filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

## PROCEDURAL AND FACTUAL BACKGROUND

Terrance Oliver alleged that on October 15, 2004, he was assaulted by one or more patrons at Kenny's. Specifically, Oliver claimed that he was beaten about the

body and head, causing him to fall to the floor and sustain severe and permanent personal injuries. Oliver averred that the incident occurred, "in the presence of the defendants' employees, to wit, bartender and various security personnel." (Oliver complaint ¶¶4, 5.)

On March 6, 2006, Oliver filed a complaint against Kenny's and "John Doe Assailant," alleging negligence against "John Doe Assailant" and Kenny's (Counts one and four), and assault (Count two) and battery (Count three) against "John Doe Assailant." The negligence count against Kenny's (Count four) stated:

"(18) Plaintiff avers that the defendant owed the following duties to him:

"(a) The duty to maintain adequate and proper security policy(ies) to safeguard the general public from assault and battery;

"(b) The duty to prevent harm to customers such as the plaintiff;

"(c) The duty to provide sufficient crowd control and staff to prevent harm to persons such as the plaintiff;

"(d) The duty to control the flow of customers and others to the defendant's establishment and otherwise prevent overcrowding;

"(e) The duty to properly train its personnel on crowd control and security management; and,

"(f) The duty to provide sufficient numbers of staff in proportion to customers to maintain a safe environment for the peaceful enjoyment and protection of its customers.

"(19) Plaintiff avers that the defendant breached all or some of the aforementioned duties owed to him and as

a direct and proximate result thereof the plaintiff sustained severe, multiple and permanent injuries and various economic damages." (Oliver complaint ¶¶18, 19.)

Pursuant to this complaint, Kenny's sought coverage from Regis under a special multi-peril insurance policy effective September 27, 2004 to September 27, 2005. On April 25, 2006, Regis notified Kenny's that they would provide a defense under a reservation of rights advising that "we believe that ultimately all of the averments in the complaint and damages sought will be determined to fall within the exclusionary language of the policy . . . ." (Regis motion for summary judgment, exhibit B.)

On June 22, 2006, Regis filed a declaratory judgment action seeking a declaration that they had no obligation to defend or indemnify Kenny's. In support of this action, Regis relied upon an assault and battery exclusion and coverage deletion endorsement (exclusion) which they asserted precluded coverage for Oliver's claim. In pertinent part, this exclusion states:

"Assault And Battery Exclusion And Coverage Deletion Endorsement

"(I) In consideration of the premium charged for this insurance, it is understood and agreed that the policy to which this endorsement is attached is amended and modified as follows:

"Actions and proceedings to recover damages for 'bodily injury' or 'property damage' or 'personal injury' arising, *in whole or in part,* from the following are excluded from coverage and the company is under no duty to investigate, defend or to indemnify an insured in any

action or proceeding alleging such causes of action and damages (emphasis added):

"(1) Assault and battery or any act or omission in connection with the prevention, suppression or results of such acts; . . .

"(5) This exclusion applies to 'bodily injury', 'property damage', 'personal injury' or any obligation to investigate, defend or indemnify, if such injury, damage or obligation is caused directly or indirectly by any other cause or event that contributes concurrently or in any other sequence to the injury or damage. If injury or damage from a covered occurrence, cause or event occurs, and that injury or damage would not have occurred but for the acts or omissions set forth in paragraphs 1 through 4 above, such injury or damage will be considered to be caused by the acts or omissions set forth in paragraphs 1 through 4 above, and would be excluded from coverage.

"This exclusion applies regardless of the degree of culpability or intent and without regard to: . . .

"(B) The alleged failure of the insured or his officers, employees, agents or servants in the hiring, supervision, retention or control of any person, whether or not an officer, employee, agent or servant of the insured;

"(C) The alleged failure of the insured or his officers, employees, agents or servants to attempt to prevent, bar or halt any such conduct or to medically treat or obtain such treatment for any injuries or damages sustained." (Regis complaint, exhibit C.)

The policy's coverage A section for "bodily injury liability" also contained the following language:

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of[:]

"(A) bodily injury or

"(B) property damage

"to which this insurance applies, caused by an occurrence . . . ."

The policy defines "occurrence" as: "an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor intended from the standpoint of the insured." (Regis motion for summary judgment, exhibit C.)

On January 31, 2007, Regis filed a motion for summary judgment relying on two theories. First, Regis asserted that based on the allegation of the Oliver complaint, the assault and battery exclusion precluded coverage. Regis also argued that the incident on October 15, 2004 was not an "occurrence," as defined under the policy. (Regis motion for summary judgment.)[1] Kenny's responded that because the injuries were allegedly caused by their negligent conduct, the exclusion did not apply. Alternatively, Kenny's requested leave to supplement the record pursuant to Pa.R.C.P. 1035.3(b) to conduct further discovery limited to confirming their receipt of the policy and exclusions and its authenticity. (See generally, Kenny's memorandum opposing summary judgment.)

---

1. Because this court's granting of summary judgment was based solely on the assault and battery exclusion, the "occurrence" issue is not addressed in this opinion.

On May 2, 2007, we granted Regis' motion for summary judgment. On May 30, 2007, Kenny's filed a 1925(b) "concise statement of matters complained of and intended to be argued on appeal," and alleged that:

"(1) The trial court's order granting summary judgment to the plaintiff/insurer is unsupported by the substantive law of this Commonwealth where, as here, the underlying third-party complaint sounds *only* in negligence against the defendant/insured.

"(2) The trial court abused its discretion and/or committed an error of law by relying, in whole or in part, upon non-reported and, therefore, non-precedential Pennsylvania Superior Court and United States District Court for the Eastern District of Pennsylvania decisions to support its grant of summary judgment in favor of the plaintiff/insurer.

"(3) The trial court abused its discretion and/or committed an error of law by granting summary judgment without any competent evidence [sic] the insurance contract and amendatory endorsements attached to the motion are true, correct and authentic copies of the contract documents in place between the plaintiff/insurer and the defendant/insured where, as here, leave was requested by the defendant/insurer to confirm delivery and authenticity of the documents.

"(4) The trial court abused its discretion and/or committed an error of law by granting summary judgment where, as here, the language of the subject "assault and battery" exclusion is ambiguous and/or violative of public policy."

## DISCUSSION

Under Pennsylvania Rule of Civil Procedure 1035.2, after the relevant pleadings are closed, a party may move for summary judgment as a matter of law when there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report. Pa.R.C.P. 1035.2(1). The court must examine the record in the light most favorable to the non-moving party and resolve all doubt against the moving party. *Aetna Casualty and Surety Company v. Roe,* 437 Pa. Super. 414, 420, 650 A.2d 94, 97 (1994). A trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion. *Pappas v. Asbel,* 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001).

The interpretation of an insurance contract is a matter of law for the courts to decide. In interpreting an insurance contract, a court must ascertain the intent of the parties as manifested by the language of the written agreement. When the policy language is clear and unambiguous, a court should give effect to the language of the contract. *Paylor v. Hartford Insurance Co.,* 536 Pa. 583, 586, 640 A.2d 1234, 1235 (1994).

In order to determine whether a claim may potentially come within the coverage of an insurance policy, several sources should be examined. First, a court should review the insurance policy to determine the scope of coverage. This review should be undertaken in conjunction with analyzing the allegations set out in the complaint. *Biborosch v. Transamerica Insurance Company,*

412 Pa. Super. 505, 509, 603 A.2d 1050, 1052 (1992). In determining if there is coverage, the court should focus on the facts alleged in the underlying complaint, not the cause of action pled. *QBE Insurance Corp. v. M & S Landis Corporation,* 915 A.2d 1222, 1225 (Pa. Super. 2007).

### *The Facts Alleged in the Oliver Complaint Fall Within the Assault and Battery Exclusion*

The language of the assault and battery exclusion plainly relieves Regis of its duty to defend or indemnify Kenny's against Oliver's claims. In summary, the exclusion states that Regis is under no duty to defend or indemnify against causes of action for personal injury arising "in whole or in part" from an assault and battery. The exclusion includes any allegations raised against Kenny's for "failure" in the "hiring, supervision, retention or control of any person." As the allegations in Oliver's complaint all stem from the assault and battery which took place at Kenny's, coverage does not apply.

The fact that the complaint also alleges negligence does not obligate Regis to provide coverage. Specifically, paragraph 19 of the complaint alleges that Oliver's injuries were the direct and proximate result of Kenny's breach of the following duties: (a) the duty to maintain adequate and proper security policies to safeguard the general public from assault and battery; (b) the duty to prevent harm to customers such as the plaintiff; (c) the duty to provide sufficient crowd control and staff to prevent harm to persons such as the plaintiff; (d) the duty to control the flow of customers and others to the defendant's establishment and otherwise prevent overcrowd-

ing; (e) the duty to properly train its personnel on crowd control and security management; and (f) the duty to provide sufficient numbers of staff in proportion to customers, to maintain a safe environment for the peaceful engagement and protection of its customers. (Oliver complaint ¶¶18-19.)

These negligence averments, however, fall under section (B) and (C) of the exclusion. These sections preclude coverage for assault and battery "regardless of the degree of culpability or intent and without regard to:

"(B) The alleged failure of the insured or his officers, employees, agents or servants in the hiring, supervision, retention or control of any person, whether or not an officer, employee, agent or servant of the insured; and

"(C) The alleged failure of the insured or his officers, employees, agents or servants to attempt to prevent, bar or halt any such conduct or to medically treat or obtain such treatment for any injuries or damages sustained." (Regis complaint, exhibit C.)

As the above-referenced exclusion clearly and unambiguously cover both the assault and negligence type claims set forth in the Oliver complaint, this court was obligated to give effect to that language and grant summary judgment.

Pennsylvania precedent applying similar assault and battery exclusion language supports this court's ruling. In *Britamco Underwriters Inc. v. Grzeskiewicz,* 433 Pa. Super. 55, 62, 639 A.2d 1208, 1211 (1994), *overruled on other grounds by Donegal Mutual Insurance Company v. Baumhammers,* 893 A.2d 797 (Pa. Super. 2006), the Superior Court held that an insurance policy's assault

and battery exclusion was applicable and the insurer was not under a duty to provide coverage. Similar to the facts in the case sub judice, in *Grzeskiewicz,* one patron was attacked by another patron while inside the bar. The victim filed suit against the attacker claiming that he was violently struck in the face with a broken beer bottle. The complaint also alleged claims against the owners of the bar and the bar itself, claiming that the injuries were caused by the bar's "carelessness, recklessness, negligence, and/or gross and wanton disregard." More specifically, the complaint alleged that the bar was negligent and reckless for failing to prevent the attack and protect the victim, and for failing to instruct bar employees on their duties to protect patrons. *Id.*

Based upon the assault and battery exclusion endorsement in the bar's insurance policy, the bar's insurer filed a declaratory judgment action seeking a declaration that it had no duty to defend or indemnify. *Id.* at 57, 639 A.2d at 1209. The exclusion relied upon by the insurer was nearly identical to the exclusion in this case and stated:

"Assault & battery endorsement:

"[T]he company [insurer] is under no duty to defend or to indemnify an insured in any action . . . alleging such damages:

"(1) Assault;

"(B) Battery;

"(3) Harmful or offensive contact between two or more persons . . . . Regardless of degree of culpability or intent and without regard to: . . .

"(C) The alleged failure of the insured or his officers, employees, agents or servants to attempt to prevent, bar or halt any such conduct."

After comparing the language of the assault and battery endorsement and the allegations in the complaint, the Superior Court held that, "these allegations are clearly excluded by the . . . assault and battery endorsement to the policy." *Id.* at 63, 639 A.2d at 1211.

The Superior Court also barred coverage based upon an assault and battery endorsement in *Acceptance Insurance Company v. Seybert,* 757 A.2d 380 (Pa. Super. 2000). In *Seybert,* a bar patron was attacked in the parking lot by other bar patrons. In his complaint, the victim alleged that the bar, knowing that the attackers were visibly intoxicated, nonetheless, continued to serve them alcohol, which contributed to the attack. *Id.* at 381. The bar sought coverage from its insurer contending that because the complaint contained negligence counts, the insurer had an absolute duty to defend. The Superior Court disagreed, relying on an assault and battery exclusion similar to the endorsement at issue here. That exclusion stated that coverage did not apply to:

"bodily injury 'arising out of assault and/or battery or out of any act or omission in connection with the prevention or suppression of such acts, whether caused by or at the instigation or direction of the insured, his employees, patrons or any other person.' " *Id.* at 383.

The court reasoned that the complaint contained no allegation that the actual injury was caused by anything other than the assault and battery in the parking lot, and therefore, the exclusion applied. *Id.*

Federal courts applying Pennsylvania law have also excluded coverage based on similar assault and battery exclusions. For instance, in *First Oak Brook Corp. Syndicate v. Comly Holding Corp.*, 93 F.3d 92 (3d Cir. 1996), the Third Circuit Court of Appeals examined the applicability of an assault and battery exclusion where a bar patron was knocked over when employees of the bar pushed people into the patron. The complaint alleged that the insured was, "negligent and careless because its employees recklessly and carelessly engaged in this behavior . . . and for 'failing to properly hire and train' its employees." *Id.* at 93-94. Based on the alleged facts in the complaint and the language of the exclusion, the court held that the victim's suit was not covered even though negligence had been alleged. *Id.* at 96. Likewise, in *Britamco Underwriters Inc. v. Stokes,* 881 F. Supp. 196, 198-99 (E.D. Pa. 1995); *Terra Nova Insurance Co. Ltd. v. Thee Kandy Store Inc.,* 679 F. Supp. 476, 478 (E.D. Pa. 1988) and *Certain Underwriters at Lloyd's v. Cho,* 917 F. Supp. 353, 354 (E.D. Pa. 1996), federal courts have held that assault and battery exclusions, with language similar or nearly identical to the language at issue here, preclude coverage. This has been the case even where the underlying complaint alleged a negligent failure of the insured to prevent or stop the assault and battery. In all of these cases, the courts' reasoning was premised on the fact that although there were "negligent failure" type allegations in the complaints, the original cause of the injury arose from an assault and battery, not from negligence. While not binding, these opinions are persuasive, well-reasoned and instructive to the issues before this court.

In arguing that the exclusion does not apply, Kenny's primarily relied on the case of *QBE Insurance Corp. v. M & S Landis Corp.,* 915 A.2d 1222, 1228-30 (Pa. Super. 2007), where the Superior Court held that an assault and battery clause did not exclude coverage. This case is, however, distinguishable on several levels.

In *QBE,* a patron was smothered to death when he was removed from a nightclub. Specifically, employees of the club wrestled the patron down the stairs, at times in a choke hold, and then, at the direction of the nightclub owners, threw him onto the ground outside. Thereafter the employees lay on top of the patron, smothering him. After suit was brought against the nightclub, the night-club's insurer denied coverage and filed a declaratory judgment action relying on an assault and battery exclusion. *Id.* at 1224.

Unlike the case before this court, the patron's complaint in *QBE* did not set forth a cause of action for assault and battery, but rather, alleged claims solely grounded in negligence. *Id.* at 1224, 1228. The complaint in *QBE,* while describing intentional conduct on the part of the nightclub employees, stated that the "[patron's] death was a direct and proximate result of the negligence and carelessness of the defendants and defendants' agents as set forth herein." *Id.* at 1227. The complaint listed various actions by the nightclub that allegedly constituted negligence, including improperly restraining the patron and failing to properly train and supervise its employees. *Id.*

Here, the Oliver complaint, when read as a whole, focuses on injuries caused by both an assault and battery

of Oliver and the alleged negligence of Kenny's, which allowed the assault and battery to occur. Specifically, Count one alleges negligence against the attacking patron(s) for breaching their duty to refrain from assaulting and battering Oliver. Counts two and three allege direct assault and battery by an unknown bar patron(s), while Count four alleges negligence against Kenny's for not preventing the assault. Thus, while the Oliver complaint does, in part, allege negligence, three of the four counts are premised on an assault and battery. This is much different than the complaint in *QBE,* which was premised primarily upon the negligence of the nightclub.

The language of the insurance policy in *QBE* also contains an important distinction from the language in Kenny's policy. Specifically, the policy in *QBE* stated: "This insurance does not apply to actions and proceedings to recover damages for 'bodily injury' . . . arising from . . . : (1) assault and battery . . . ." *Id.* at 1228. Here, the pertinent language excludes: "Actions and proceedings to recover damages for 'bodily injury' . . . arising, *in whole or in part,* from assault and battery . . . ." (emphasis added) This language makes it clear that, even if an injury has multiple alleged causes (*i.e.,* "in whole or in part"), if assault and battery is one of those alleged causes, coverage is excluded. According to the Oliver complaint, at least a portion of the injury emanated from an assault and battery. The fact that Oliver also alleged a claim of negligence does not defeat the exclusion, because based on the Oliver complaint, the injuries, at least "in whole or in part," arose from the assault and battery.

Finally, in finding coverage, the *QBE* court relied upon and discussed *Essex Insurance Co. v. Starlight Management Co.,* 198 F. App'x 179 (3d Cir. 2006). In *Essex,* a club patron was injured when forcibly evicted, and the patron later brought a negligence claim against the club. *Id.* at 181. The Third Circuit Court of Appeals determined that the claims were not excluded by an assault and battery exclusion similar to the one in *QBE* because the "complaint clearly includes allegations that could lead a fact-finder to conclude that [the patron's] injuries are a result of negligent conduct, and *the complaint is carefully tailored to request relief only for [the club's] negligence.*" (emphasis added) *Id.* at 184. In *Essex,* there were no allegations of assault and battery included in the complaint, and thus, the claims were not excluded under the policy. *Id.* at 182. Here, in direct contrast to *Essex,* assault and battery allegations are clearly alleged in the Oliver complaint.

For all of the reasons discussed above, the *QBE* case is not applicable to the instant policy language before this court.

### *Precedential Pennsylvania Appellate Court Cases Support the Granting of Summary Judgment*

In its 1925(b) statement, Kenny's incorrectly states that this court abused its discretion and committed an error of law by relying on certain non-precedential Pennsylvania Superior Court and Federal District Court memorandum opinions. While Regis' motion for summary judgment did cite numerous memorandum opinions both from Pennsylvania and federal courts, precedential cases such as *Grzeskiewicz; Seybert* and *First Oak,* cited

above, all clearly support the granting of summary judgment.

*Summary Judgment Was Properly Granted Despite Kenny's Request To Conduct Further Discovery "To Confirm Delivery and Authenticity of the Documents"*

Kenny's memorandum opposing summary judgment alternately requested denial of the motion and/or leave to conduct discovery in order to ensure the receipt and authenticity of the policy and exclusion. Kenny's request for discovery was intended to support their allegation that a "genuine issue of material fact exists as to whether [Regis] delivered to [Kenny's] true, correct and authentic copies of the insuring agreement and referenced endorsements upon which [Regis] relies to support its motion." (Kenny's answer to the motion for summary judgment, ¶32.) This discovery request does not, however, preclude the granting of summary judgment.

When a properly supported motion for summary judgment is made, the non-moving party may not rest on the mere allegations or denials in his pleadings, but must set forth specific facts that are in dispute. *Kniaz v. Benton Borough,* 164 Pa. Commw. 109, 114, 642 A.2d 551, 553 (1994); *Roland v. Kravco Inc.,* 355 Pa. Super. 493, 499, 513 A.2d 1029, 1034 (1986).[2] Pennsylvania Rule of Civil Procedure 1035.3, which addresses the responses

---

2. Both of the cases cited above refer to Pa.R.C.P. 1035(d). Rule 1035 was later replaced by Pa.R.C.P. 1035.1 through 1035.5. While the language of Rule 1035(d) and 1035.3(a) are different, the meaning and effect of the rules, as applied to the facts in this case, remains unchanged.

to motions for summary judgment, is applicable here and states:

"(a) Except as provided in subdivision (e), the adverse party may not rest upon the mere allegations or denials of the pleadings but must file a response within 30 days after service of the motion identifying

"(1) one or more issues of fact arising from evidence in the record controverting the evidence cited in support of the motion or from a challenge to the credibility of one or more witnesses testifying in support of the motion."

In their response to the motion for summary judgment, Kenny's cites no facts which suggest that the policy or exclusion were either not authentic or not received. Moreover, Kenny's has failed to demonstrate why it could not present specific facts in dispute. According to Rule 1035.3(b), "an adverse party may supplement the record or set forth the reasons why the party cannot present evidence essential to justify opposition to the motion . . . ." Pa.R.C.P. 1035.3. Indeed, Kenny's did not file an affidavit setting forth what evidence they would expect to find which may preclude the granting of summary judgment.

Here, Kenny's, as a contracting party to the policy, is in the best position to determine whether the policy and exclusion were agreed to and received. As Kenny's has provided no specific disputed facts and has failed to explain why such facts were not provided, despite their being in a unique position to do so, this court properly denied their request for additional discovery and granted summary judgment.

24

## The Assault and Battery Exclusion in the Insurance Contract Is Neither Ambiguous Nor Violative of Public Policy

The language of the exclusion is unambiguous and states that claims for bodily injury, arising in whole or in part, from assault and battery are not covered. As referenced above, when the language of an insurance contract is clear and unambiguous, a court must give effect to this language. *Paylor v. Hartford Insurance Co.*, 536 Pa. 583, 586, 640 A.2d 1234, 1235 (1994). In both *Grzeskiewicz* and *Seybert,* the Pennsylvania Superior Court, in analyzing assault and battery exclusions very similar to the one before this court, explicitly stated that assault and battery exclusion clauses were unambiguous. *Grzeskiewicz,* 433 Pa. Super. at 63, 639 A.2d at 1212; *Seybert,* 757 A.2d at 383. See also, *Essex Insurance Co. v. Starlight Management Co.,* 198 F. App'x 179, 181-84 (3d Cir. 2006) (stating that the assault and battery exclusion in that case was unambiguous).

Kenny's has never explained how enforcement of the exclusion at issue is violative of public policy, nor have they cited any precedent to support this position. As the exclusion at issue concerns the application of the terms of a contract between parties, concepts of public policy are not implicated. Therefore, this court correctly determined that the language of the exclusion was unambiguous.

## CONCLUSION

For the foregoing reasons, this court properly granted summary judgment in favor of Regis.