# United States Court of Appeals
## For the First Circuit

No. 10-1273

ZACHARY EATON,

Plaintiff, Appellant,

v.

PENN-AMERICA INSURANCE COMPANY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. John A. Woodcock, Jr., U.S. District Judge]

Before

Lynch, Chief Judge,
Selya and Howard, Circuit Judges.

David J. Van Dyke for appellant.
H. Peter Del Bianco, Jr., with whom Teresa M. Cloutier and
Lambert Coffin were on brief, for appellee.

November 23, 2010

**SELYA**, **Circuit Judge**.  This appeal traces its genesis to a fracas at a nightclub.  At this stage of the proceedings, there is no genuine dispute about the material facts.  We rehearse them briefly.

On the evening of November 23, 2005, plaintiff-appellant Zachary Eaton went to a nightclub in Orono, Maine.  Another patron, not related to the appellant, behaved inappropriately while dancing in the mosh pit.  The club's bouncer sought to eject the unruly patron.  The patron resisted, and the bouncer resorted to force.

In the course of the ensuing skirmish, the bouncer kicked open a glass-and-aluminum door, which struck and injured the appellant, who was minding his own business.  The parties agree, for purposes of this appeal, that the bouncer's actions vis-à-vis the unruly patron involved a laying-on of hands and, thus, an assault.

On January 11, 2008, the appellant brought suit for damages against the proprietor of the club, Albenco, Inc., d/b/a Ushuaia.  In due course, Albenco submitted to judgment in the amount of $125,000, with the understanding that the appellant would not seek to satisfy the judgment against Albenco but, rather, would look exclusively to Albenco's insurer (Penn-America Insurance Company). The appellant subsequently commenced this action against Penn-America.

The district court granted summary judgment in Penn-America's favor, reasoning that the appellant's claim fell squarely within a policy exclusion. See Eaton v. United Am. Ins. Group, 685 F. Supp. 2d 154, 159 (D. Me. 2010). This timely appeal followed.

The case is in the federal courts by reason of diversity of citizenship and the existence of a controversy in the requisite amount. See 28 U.S.C. § 1332(a). Maine law supplies the substantive rules of decision, including the rules relating to interpretation of the insurance policy. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Med. Mut. Ins. Co. v. Indian Harbor Ins. Co., 583 F.3d 57, 60 (1st Cir. 2009).

This brief preface brings us to the crux of the matter: coverage. At the time of the fracas, Penn-America insured Albenco under a comprehensive general liability policy, in effect for one year beginning January 13, 2005. The policy afforded coverage, inter alia, for sums that the insured "becomes legally obligated to pay as damages" for "bodily injury" arising out of the operation of the insured's business. On the face of things, then, the appellant's damages would appear to come within the scope of the policy.

There is, however, more to the story. The policy contains a number of exclusions. We focus here on the assault and battery exclusion, which in pertinent part eliminates coverage for "damages resulting from assault or battery or physical

altercations" that occur in, on, or near the insured's premises. The district court found this exclusion dispositive, see Eaton, 685 F. Supp. 2d at 159, and so do we.

We have explained with a regularity bordering on the echolalic that where a trial court correctly takes the measure of a case and authors a convincing decision, it rarely will serve any useful purpose for a reviewing court to wax longiloquent. See, e.g., Seaco Ins. Co. v. Davis-Irish, 300 F.3d 84, 86 (1st Cir. 2002); Maurice v. State Farm Mut. Auto. Ins. Co., 235 F.3d 7, 9-10 (1st Cir. 2000); Chico-Vélez v. Roche Prods., Inc., 139 F.3d 56, 58 (1st Cir. 1998); Ayala v. Union de Tronquistas de P.R., 74 F.3d 344, 345 (1st Cir. 1996); In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993). Mindful of that precept, we affirm the judgment below for substantially the reasons set forth in the district court's rescript. We add only three comments.

**First**: The appellant argues that the bouncer's action in kicking open the door was an independent act, separate from his assault on the unruly patron. We disagree. Because the door was dislodged in the course of the assault, the appellant's injuries "result[ed] from" the assault and the exclusion applies.

The appellant's attempt to balkanize a single event by dividing it into two distinct parts distorts reality. After all, the physical altercation and the opening of the door during and in

the course of that altercation were contemporaneous and the appellant's injuries flowed directly from the altercation. The altercation and the dislodgement of the door were not independent in any meaningful sense. See Winnacunnet Coop. Sch. Dist. v. Nat'l Union Fire Ins. Co., 84 F.3d 32, 37 (1st Cir. 1996). Thus the incident falls squarely within the exclusion, which by its terms pertains when an injury "aris[es] out of" excluded conduct by the insured's employees.

**Second**: The appellant asseverates that intent to inflict his injuries is a necessary element of an assault and battery, see, e.g., Bucci v. Essex Ins. Co., 393 F.3d 285, 297 (1st Cir. 2005) (quoting Wilson v. State, 268 A.2d 484, 486-87 (Me. 1970)); that his injuries occurred inadvertently; and that the absence of intent renders the exclusion inapposite. This asseveration overlooks the language of the exclusion in two respects. For one thing, the exclusion does not target assault and battery in the technical, criminal-law sense. Instead, it extends to "physical altercations" — a significantly broader phrase. The appellant's injuries plainly resulted from just such an altercation.

For another thing, the text of the exclusion makes manifest that it applies to negligent as well as intentional acts. By its terms, the exclusion reaches injuries "caused by or arising out of negligent . . . conduct by the insured." In other words, the policy excludes coverage for damages arising out of physical

-5-

altercations even when the perpetrator lacks an assaultive intent vis-à-vis the injured party.

**Third**: We have found a First Circuit case, not cited to us by either party, that involves a somewhat analogous factual scenario. See United Nat'l Ins. Co. v. Penuche's, Inc., 128 F.3d 28 (1st Cir. 1997). There, the injured party, a patron of a bar, was assaulted from behind by a fellow patron. Id. at 30. An employee of the bar, in attempting to help the victim, inadvertently bumped him. Id. The victim fell and hurt himself. Id. In an ensuing coverage dispute, this court concluded that coverage attached. See id. at 32-33.

On closer examination, however, Penuche's is distinguishable. The policy in force there excluded only "claims arising out of an assault and/or battery . . . caused by or at the instigation of, or at the direction of" the insured's employees. Id. at 30. This language is substantially narrower than the exclusion in Penn-America's policy. Using this narrow language, the Penuche's court, applying New Hampshire law, determined that the employee's actions were unintentional with respect to the victim and, as such, did not constitute an assault and/or battery. Id. at 32-33. That is not this case.

Closer to the point is the decision in First Oak Brook Corp. v. Comly Holding Corp., 93 F.3d 92 (3d Cir. 1996). The dispute in that case arose when a customer sustained injuries after

a cafe's employees negligently shoved another patron into him.  Id. at 93.  The Third Circuit found the assault and battery exclusion contained in the cafe's insurance policy to be dispositive.  See id. at 95-96.  It based this conclusion on the plain language of the exclusion, see id. at 96, which — like the exclusion here — went beyond assault and battery simpliciter.[1]  There are other cases to the same general effect.  See, e.g., Williamson v. Kovac, 591 So. 2d 788, 791 (La. Ct. App. 1991).

We need go no further.  For the reasons stated both in this opinion and in the opinion below, we reject the appellant's suggested interpretation of the exclusion and affirm the judgment in favor of Penn-America.

---

[1] In First Oak Brook Corp., the exclusion applied not only to assault and battery but also to "[h]armful or offensive contact between or among two or more persons."  93 F.3d at 94.