**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 10-2139

KEVIN O'NEIL AND NANCY O'NEIL, INDIVIDUALLY
AND AS ADMINISTRATORS OF
THE ESTATE OF LIAM E. O'NEIL,

Plaintiffs, Appellants,

v.

ELECTROLUX HOME PRODUCTS, INC., ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Douglas P. Woodlock, U.S. District Judge]

---

Before

Howard, Selya and Thompson, Circuit Judges.

---

Roy A. Bourgeois, with whom Bourgeois, Dresser, White & McGourthy, LLP was on brief, for appellants.
James M. Brogan, with whom Peter M. Durney, Gregg P. Bailey, Cornell & Gollub, Nancy Shane Rappaport, and DLA Piper US, LLP were on brief, for appellees.

---

June 15, 2011

---

**Per Curiam**.  This is a wrongful death action that arises out of the tragic death of a young boy in a power-mower accident. The boy's parents sued those responsible for the manufacture, design, and marketing of the riding mower.

The parties tried the case to a jury, primarily on a design-defect theory.  During its deliberations, the jury submitted serial questions to the district court.  The court responded to the first question without incident. The dispute here involves the handling of the second question.

After the court consulted with counsel, it gave a supplemental instruction in reply to that question.  The jurors resumed deliberations briefly and then returned a take-nothing verdict in favor of the defendants.

The district court subsequently denied the plaintiffs' motion for a new trial.  O'Neil v. Electrolux Home Prods., Inc., No. 1:06-cv-10433, 2010 WL 3504191 (D. Mass. Sept. 7, 2010).  This timely appeal followed.

The lone issue on appeal concerns the propriety of the district court's supplemental jury instruction.  The district court revisited this issue and confronted it head-on when denying the plaintiffs' motion for a new trial.

The applicable standard of appellate review is abuse of discretion.  See, e.g., Testa v. Wal-Mart Stores, Inc., 144 F.3d 173, 175-76 (1st Cir. 1998); United States v. Parent, 954 F.2d 23,

-2-

25 (1st Cir. 1992); see generally DeCaro v. Hasbro, Inc., 580 F.3d 55, 61 (1st Cir. 2009). In applying this standard, we are mindful that a material error of law is a per se abuse of discretion. See, e.g., R&G Mortg. Corp. v. Fed. Home Loan Mortg. Corp., 584 F.3d 1, 7 (1st Cir. 2009).

The supplemental instruction mirrored the district court's original instruction on the point (to which the plaintiffs had not objected). It also tracked the requests to charge submitted by the plaintiffs prior to trial. The district court's rescript persuasively explains why, in the circumstances of this case, this supplemental instruction was neither inappropriate nor prejudicial. See O'Neil, 2010 WL 3504191, at *3-4. There is little that we can add to this thoughtful explanation.

In the past, we frequently have acknowledged that when a trial court addresses an issue squarely, faithfully applies the law to the facts, articulates a convincing rationale for its decision, and reaches a correct result, it would be folly for us to wax longiloquent for no purpose other than to hear our own words resonate. See, e.g., Eaton v. Penn-Am. Ins. Co., 626 F.3d 113, 114 (1st Cir. 2010); Seaco Ins. Co. v. Davis-Irish, 300 F.3d 84, 86 (1st Cir. 2002); Chico-Vélez v. Roche Prods., Inc., 139 F.3d 56, 58 (1st Cir. 1998); Ayala v. Union de Tronquistas de P.R., 74 F.3d 344, 345 (1st Cir. 1996); In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993). This is such a case.

We need go no further. We reject the plaintiffs' appeal for substantially the reasons set forth in the district court's cogently reasoned rescript and affirm the judgment below. See 1st Cir. R. 27.0.

**Affirmed**.