Not for Publication in West's Federal Reporter

# United States Court of Appeals
## For the First Circuit

No. 14-2174

VINNY M. BRICKETT AND
STEPHEN R. BRICKETT,

Plaintiffs, Appellants,

v.

HSBC BANK USA, N.A.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Lynch, Chief Judge,
Selya and Howard, Circuit Judges.

Josef C. Culik and Culik Law PC on brief for appellants.
David G. Thomas, Michael E. Pastore and Greenberg Traurig, LLP
on brief for appellee.

June 10, 2015

**Per curiam.** "We have said before, and today reaffirm, that when a lower court accurately takes the measure of a case and articulates a cogent rationale, it serves no useful purpose for a reviewing court to write at length." Seaco Ins. Co. v. Davis-Irish, 300 F.3d 84, 86 (1st Cir. 2002); accord Eaton v. Penn-America Ins. Co., 626 F.3d 113, 114 (1st Cir. 2010) ("We have explained with a regularity bordering on the echolalic that where a trial court correctly takes the measure of a case and authors a convincing decision, it rarely will serve any useful purpose for a reviewing court to wax longiloquent."). This is such a case. We therefore summarily affirm the judgment below for substantially the reasons elucidated in the district court's closely reasoned memorandum of decision. See Brickett v. HSBC Bank USA, N.A., 52 F. Supp. 3d 308, 311-13 (D. Mass. 2014).

We add only this brief comment. The appellants' case hinges on their argument that HSBC Bank has been guilty of "dual tracking." Dual tracking is a practice wherein a mortgagee financial institution engages in loan modification negotiations with mortgagors while at the same time moving forward with foreclosure. See, e.g., Worrall v. Fed. Nat'l Mortg. Ass'n, No. 13-330, 2013 WL 6095119, at *5 (D.N.H. Nov. 20, 2013); Figueroa v. Fed. Nat'l Mortg. Ass'n, No. 12-11290, 2013 WL 2244348, at *5 (D. Mass. May 20, 2013). But as the district court correctly pointed out, see Brickett, 52 F. Supp. 3d at 312, there was no dual

-2-

tracking here.  At the time of the foreclosure, the appellants had not yet filed a cognizable application for a loan modification.

We need go no further.  The judgment below is summarily

**Affirmed**.  <u>See</u> 1st Cir. R. 27.0(c).