**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 19-2139

CLAUDIA DE LA CRUZ-CANDELA and LILA PEGUERO-DE LA CRUZ,

Plaintiffs, Appellants,

v.

JETBLUE AIRWAYS CORPORATION and
PRIMEFLIGHT AVIATION SERVICES, INC.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Camille L. Vélez-Rivé, U.S. Magistrate Judge]

Before

Howard, Chief Judge,
Selya and Kayatta, Circuit Judges.

Javier A. Rivera Vaquer and Rivera Mercado & Rivera Cordero on brief for appellants.
Margarita Rosado-Toledo and Colón & Colón, P.S.C. on brief for appellees.

November 20, 2020

**SELYA**, **Circuit Judge**.  The plaintiffs, Claudia De La Cruz-Candela (an eighty-seven-year-old woman) and her adult daughter, Lila Peguero-De La Cruz, flew from the Dominican Republic to Puerto Rico on a commercial airliner operated by defendant-appellee JetBlue Airways Corporation (JetBlue).  The airplane departed from the Dominican Republic on April 1, 2016, and landed later that day at the Luis Muñoz Marín International Airport (the Airport) in Carolina, Puerto Rico.

The plaintiffs, who had asked JetBlue for a wheelchair for Claudia's use, were among the last passengers to disembark. When they reached the jet bridge, they learned that the wheelchair they had ordered had been commandeered by another passenger.  After the plaintiffs spoke with the flight attendant, another wheelchair was ordered.[1]

The plaintiffs waited at the jet bridge for about ten minutes, but grew impatient.  They decided to walk to the customs area of the Airport.  They chose the route that they would take. Along the way, they stepped onto an escalator.  A mishap occurred on the escalator (approximately ten minutes after the plaintiffs left the jet bridge), and both plaintiffs were injured.

---

[1] At the Airport, wheelchair service is provided by an independent contractor, PrimeFlight Aviation Services, Inc. (PrimeFlight).

There is nothing in the record indicating that either JetBlue or PrimeFlight had any dominion or control over the escalator. Nor is there anything indicating that either firm had any responsibility for the escalator's maintenance.

We fast-forward to March 31, 2017, when the plaintiffs, invoking diversity jurisdiction, see 28 U.S.C. § 1332(a), brought suit in the United States District Court for the District of Puerto Rico. They named as defendants both JetBlue and PrimeFlight. The parties agreed to proceed before a magistrate judge. See 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Following the close of discovery, the defendants filed a joint motion for summary judgment. See Fed. R. Civ. P. 56(a). The plaintiffs opposed the motion, but the magistrate judge granted summary judgment in the defendants' favor. See De La Cruz-Candela v. JetBlue Airways Corp., No. 17-1418, slip op. at 20 (D.P.R. Sept. 23, 2019) (unpublished). This timely appeal ensued.

We often have written words to the effect that when a nisi prius court has "supportably found the facts, applied the appropriate legal standards, articulated [its] reasoning clearly, and reached a correct result, a reviewing court ought not to write at length merely to hear its own words resonate." deBenedictis v. Brady-Zell (In re Brady-Zell), 756 F.3d 69, 71 (1st Cir. 2014); see, e.g., United States v. Wetmore, 812 F.3d 245, 248 (1st Cir. 2016); Moses v. Mele, 711 F.3d 213, 215-16 (1st Cir. 2013); Eaton

- 3 -

v. Penn-Am. Ins. Co., 626 F.3d 113, 114 (1st Cir. 2010); Vargas-Ruiz v. Golden Arch Dev., Inc., 368 F.3d 1, 2 (1st Cir. 2004); Seaco Ins. Co. v. Davis-Irish, 300 F.3d 84, 86 (1st Cir. 2002); Ayala v. Union de Tronquistas de P.R., Local 901, 74 F.3d 344, 345 (1st Cir. 1996); Holders Cap. Corp. v. Cal. Union Ins. Co. (In re San Juan Dupont Plaza Hotel Fire Litig.), 989 F.2d 36, 38 (1st Cir. 1993). This is such a case.

The substantive law of Puerto Rico supplies the rules of decision in this diversity action. See Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938). On appeal, the facts must be viewed through the lens of the summary judgment standard, under which we "consider[] the record and all reasonable inferences therefrom in the light most hospitable to the summary judgment loser." Houlton Citizens' Coal. v. Town of Houlton, 175 F.3d 178, 184 (1st Cir. 1999). Here, the magistrate judge faithfully applied Puerto Rico law to the undisputed facts to conclude that the plaintiffs had failed to show either the breach of an actionable duty or proximate causation. The record fully supports this conclusion: it was the plaintiffs' unilateral decision not to wait for a replacement wheelchair to arrive, and there is no probative evidence that either of the defendants breached any legally owed duty with respect to the provision of the replacement wheelchair.[2] Nor is

_____

[2] The record indicates that the replacement wheelchair was en route to the jet bridge when the accident occurred. So, too, the

- 4 -

there any probative evidence that the acts or omissions of either defendant proximately caused the plaintiffs' injuries.

We need go no further.  Although the plaintiffs' plight evokes sympathetic reaction from anyone familiar with the vicissitudes of modern-day air travel, the plaintiffs have failed to show an entitlement to the damages that they seek.  Therefore, we summarily affirm the judgment below for essentially the reasons elucidated in the district court's well-reasoned rescript.

**Affirmed.**  See 1st Cir. R. 27.0(c).

---

record indicates that — due to security concerns, restrictions on international travel, and the configuration of the Airport — PrimeFlight had to take a circuitous path from the facility where wheelchairs were kept to the gate where the plaintiffs' flight landed.